[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 03, 2002
THOMAS K. KAHN
CLERK

_____

No. 00-11368

_____

D. C. Docket No. 99-01265-3:CV-J-20B

RON C. BROADWATER,
a.k.a. Ronald Hampton,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 3, 2002)**

Before ANDERSON, HULL and RONEY, Circuit Judges.

PER CURIAM:

Defendant-appellant Ronald Broadwater ("Broadwater") filed a *pro se* 28

U.S.C. § 2255 motion on December 28, 1999 challenging his conviction and sentence

for possession with the intent to distribute crack cocaine. Broadwater alleged six substantive ineffective assistance of counsel errors. On January 3, 2000, the District Court summarily denied the motion in a one-sentence order stating, "[t]he Defendant's Motion to Vacate, Set Aside, or Correct His Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 168, filed December 28, 1999) is DENIED." (No. 99-1265-Civ-J-20B).

We vacate and remand so that the district court can provide further explanation of its ruling in order to "provide this court with a sufficient basis for review." *Hart v. United States*, 565 F.2d 360, 362 (5th Cir. 1978) (remanding a summary denial of § 2255 motion due to insufficient basis for review).

Broadwater asserted in his § 2255 motion that his counsel was ineffective in (1) failing to challenge at sentencing or on appeal the district court's drug quantity finding; (2) failing to challenge at sentencing or on appeal the district court's firearm possession finding; (3) failing to move for a judgment of acquittal or challenge on appeal the sufficiency of the evidence; (4) failing to object to or challenge on appeal the admission of drugs and the firearm found at the automobile crash site; (5) failing to object to, impeach, or challenge on appeal a government witness's purportedly inconsistent prior testimony; and (6) failing to raise at trial or challenge on appeal claims that (a) prosecution was barred by the previous dismissal of charges in a prior

indictment, and (b) Broadwater was unfairly prejudiced at trial by the introduction of evidence of his alleged use of the alias "Ronald Hampton."

Under Rules Governing Section 2255 Cases, Rule 4 (b), a district court faced with a § 2255 motion may make an order for its summary dismissal "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." 28 U.S.C. foll. § 2255. In view of the number of allegations and the size of the record here, it is not readily apparent that this is such a case. Without an answer or other pleading from the United States Attorney which might have directed the district court to the relevant parts of the record, even a complete reading of the record on appellate review would not reveal upon what portions of the record the district court relied. The district court's order gives us no guide as to its rulings on any of the issues, or to the findings or conclusions of law which explain the bases for the district court's denial of Broadwater's § 2255 motion.

This does not mean that a fuller explanation is required in every summary denial of a § 2255 motion. For example, there are undoubtedly simple § 2255 motions which obviously have no merit because the allegations, even if true, would not afford relief. Expeditious handling of other § 2255 motions may justify relief without

explanation because a simple review of a short record shows that there is no factual basis for the allegations.

Where, as here, however, there may potentially be some merit to the allegations if supported by the record, and the record consists of voluminous files and transcripts, an adequate appellate review of the basis for the district court's decision requires something more than a mere summary denial of the § 2255 motion by the district court.

As we said in *Hart:* "[t]his does not mean that an evidentiary hearing must now be held, however. The district court, by its own action or by requiring a response from the government, may be able to gain sufficient information to dispose of appellant's allegations without a hearing." *Hart,* 565 F.2d at 362. We are mindful of the fact that the same judge who denied this § 2255 motion also conducted the several-day trial of the case in 1997, and that some situations may be resolved by the district court's personal knowledge or recollection. *Machibroda v. United States,* 368 U.S. 487, 495 (1962). When that is not revealed in the order, however, there is no way for an appellate court to review the accuracy of that recollection or whether that is sufficient upon which to base a denial of relief. Here, we cannot tell whether the district court's ruling was premised upon its review of the files, records, and transcripts of the proceedings, or in whole or in part upon its own recollection of events.

VACATED AND REMANDED