[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-12518
Non-Argument Calendar

_____

D.C. Docket Nos. 00-00386-CV-3-TMH-CSC,
94-00114-CR-E

ROCHESTER HOLSTICK,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 25, 2005)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Rochester Holstick appeals the district court's order adopting the magistrate judge's report and recommendation and denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We granted a certificate of appealability on the following issue: "Whether the district court violated Clisby v. Jones, 960 F.2d 925, 938 (11th Cir. 1992) (en banc), by failing to address appellant's claims that his trial counsel was ineffective for not objecting to the testimony from Deputy Mark Mitchell concerning a traffic stop?"

Holstick argues that the district court violated Clisby by not addressing his claim, among the many others, that his counsel was ineffective for failing to object to the testimony of the arresting officer about the traffic stop leading to Holstick's arrest. In Clisby, we used our supervisory authority to require the district courts of this Circuit to resolve all of a habeas petitioner's claims for relief at one time, regardless of whether the habeas petition is granted or denied. Id. at 935–36. We also held that where a district court does not address all of the habeas petitioner's claims for relief, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Id. at 938.

The government admits that the magistrate judge did not address Holstick's claim that his counsel was ineffective for not objecting to the arresting officer's testimony. But, the government contends, citing our decision in Broadwater v.

2

United States, 292 F.3d 1302, 1303–04 (11th Cir. 2002), that the district court is permitted to summarily dismiss a habeas petitioner's claim for relief so long as there is a sufficient basis in the record for an appellate court to review the district court's decision.

Here, however, the government concedes that the magistrate judge did not address, summarily or otherwise, Holstick's ineffective assistance of counsel claim. Our own review of the magistrate judge's report and recommendation confirms that this specific ineffective assistance of counsel claim went unresolved. Broadwater, therefore, does not apply.

Accordingly, we find that the district court violated the Clisby rule. We **VACATE** the district court's order denying Holstick's § 2255 motion and **REMAND** for further proceedings consistent with this opinion.