[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15220
Non-Argument Calendar

_____

D. C. Docket Nos.
07-00601-CV-CC-1 & 04-00443-CR-CC

DARYL B. WILLIAMS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 8, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Daryl B. Williams appeals pro se the denial of his motion to vacate his

sentence.  See 28 U.S.C. § 2255.  We vacate and remand for further proceedings.

Williams was convicted of conspiracy to possess and distribute more than 50 grams of methamphetamine and was sentenced to a term of imprisonment of 120 months.  In his petition under section 2255, Williams raised eighteen issues regarding his conviction and sentence.  The district court denied the petition based on "the three grounds . . . brought," although it listed four issues considered.   The district court denied Williams a certificate of appeal, but we granted Williams a certificate of appeal on two issues: (1) whether Clisby v. Jones, 960 F.2d 925, 935-36 (11th Cir. 1992) required the district court to address all the claims raised in the motion under section 2255; and (2) if so, whether the district court erred when it failed to provide a specific basis for appellate review under Broadwater v. United States, 292 F.3d 1302, 1304-05 (11th Cir. 2002), or when it failed to address all the of the claims raised in the motion under 2255.

The law that governs this appeal is well-settled.  "In a [s]ection 2255 proceeding, we review legal issues de novo and factual findings under a clear error standard."  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting United States v. Walker, 198 F.3d 811, 813 (11th Cir. 1999).  The scope of review is limited to the issues specified in the certificate of appeal.  Murray v. United States, 145 F.3d 1249, 1250 (11th Cir. 1998).  In Clisby, we exercised our

2

supervisory authority to direct district courts to resolve all constitutional claims presented in a section 2254 petition without regard to whether habeas relief ultimately is granted or denied. Id. When a district court fails to address all claims presented in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Id. at 938. Although this appeal is based on a motion under section 2255, instead of a habeas petition under section 2254, the principles applied in proceedings under section 2254 ordinarily apply to motions under section 2255. Gay v. United States, 816 F.2d 614, 616 n.1 (11th Cir. 1987). A district court also errs when it rules on a motion under section 2255 in way that does not provide a sufficient basis for appellate review. Broadwater v. United States, 292 F.3d 1302, 1303 (11th Cir. 2002). The district court must provide enough explanation in its denial of a motion under section 2255 "to provide this Court with a sufficient basis for review." Id. (quotation omitted).

Williams argues, and the government concedes, that the district court did not address all of the claims raised by Williams in his motion under 2255. Although the district court addressed claims about the sufficiency of the evidence, admission of evidence, compliance with the requirements to establish previous convictions, 21 U.S.C. § 851(b), and the ineffectiveness of counsel related to those

issues, the district court failed to address Williams's remaining claims. The district court must consider all of Williams's claims in the first instance. Because of this error, we need not decide whether the explanation provided by the district court was sufficient for appellate review under Broadwater.

We vacate the judgment of the district court and remand for further proceedings.

**VACATED AND REMANDED**.