[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13854
Non-Argument Calendar
_____

D. C. Docket No. 06-14264-CV-DLG

JOSEPH HILLARY,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA,
Bill McCollum,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 26, 2008)

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Joseph Hillary, a state prisoner serving a 15-year sentence after conviction for being a felon in possession of a firearm, appeals the denial of his 28 U.S.C. § 2254 habeas petition.

We granted a certificate of appealability on these two issues: 1) whether the district court violated Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), when it failed to address Hillary's claim that counsel was ineffective for failing to move for suppression of the audio-taped confession—which we construe to include, by implication, the merits of the underlying question itself;  and  2) whether the state court's decision that counsel was not ineffective for failing to move for suppression of the firearm was contrary to, or an unreasonable application of, clearly established federal law where no evidence was presented with regard to whether the incriminating nature of the firearm was immediately apparent to the seizing officers.

I.

In  2006, Hillary, proceeding pro se, filed the present § 2254 petition claiming that he had received ineffective assistance of trial counsel because, among other things, counsel had failed to file a motion to challenge the validity of a search warrant and to suppress evidence obtained in the search.   He also claimed that

counsel was ineffective for failing to challenge the sufficiency of the evidence and he mentioned the search warrant and a taped confession in that respect. Hillary later filed an unsworn but signed supplemental brief in which he expressly connected his ineffective assistance of trial counsel claim to counsel's failure to challenge: (i) the validity of a search warrant; (ii) the admission of certain seized items, including a firearm, and a taped pre-arrest confession; and (iii) the sufficiency of the evidence.

The record shows that a warrant was issued authorizing police officers to search a specified residence, which was either controlled or occupied by Hillary. The warrant authorized the officers to search for "cocaine, drug paraphernalia, proof of occupancy, ownership, control of management of said property, records of drug transaction[s], and U.S. currency." The warrant did not expressly mention firearms, but during the search of the residence, a firearm was found in a pillowcase on a bed. The officers seized it and jewelry, and they saw in the residence a photograph of Hillary and a letter addressed to him at that address.

Hillary later voluntarily met with police officers in an attempt to get back the jewelry. During his conversation with them, he admitted sleeping in the same bed where the firearm was found, knowing that the firearm was in the pillowcase, and being aware that, as a convicted felon, he should not be around firearms. The

police tape-recorded the conversation. Presented with this and other evidence the jury convicted Hillary of possession of a firearm by a convicted felon. The state trial court later sentenced him to serve 15 years' imprisonment.

On direct appeal Hillary challenged the sufficiency of the evidence supporting his conviction, but he did not raise any suppression issue, and his conviction was affirmed. He later filed two post-conviction challenges in state court—one under Florida Rule of Criminal Procedure 3.850, and another seeking state habeas relief.

In his Rule 3.850 motion Hillary claimed, for the first time, that his attorney was constitutionally ineffective for not moving for a pre-trial suppression hearing with respect to the firearm. The state court construed that as a sufficiency claim and rejected it as procedurally barred because trial counsel had unsuccessfully raised the sufficiency of evidence at trial and on direct appeal. It was on appeal from the denial of Rule 3.850 relief that Hillary first raised the claim that counsel was ineffective for failing to move to suppress the taped confession. The state appellate court summarily affirmed the denial of the 3.850 motion.

In his state habeas petition Hillary claimed that he had received ineffective assistance of appellate counsel because appellate counsel failed to address the inadmissibility of the audio tape. That state petition was denied on the merits.

Hillary then filed his present federal § 2254 petition. A magistrate judge recommended denying Hillary's § 2254 petition without an evidentiary hearing. With respect to the ineffective assistance of counsel claim based on failure to move to suppress the firearm, the magistrate judge found that the argument was meritless. It was meritless because the police had a warrant based on probable cause authorizing the search, they discovered the firearm during the search and knew it was evidence of a crime, and the law permitted the seizure of the gun even though it was not listed in the search warrant.

Although the magistrate judge's report noted that Hillary's state habeas petition claimed appellate counsel had provided ineffective assistance by failing to raise any issues regarding the audio tape, it did not otherwise address the taped confession. Importantly, however, the magistrate judge did state that "for the reasons already discussed, all of Hillary's allegations of ineffective assistance [were] affirmatively contradicted by the existing record, so no further evidentiary exploration of their merits [was] required." The district court adopted the magistrate judge's report in its entirety and denied the § 2254 petition.

## II.

Our review of the district court's decision is <u>de novo</u>. <u>Jennings v. McDonough</u>, 490 F.3d 1230, 1236 (11th Cir. 2007), <u>cert. denied</u>, 128 S.Ct. 1762

5

(2008); Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998). Our review, like the district court's decision, is restricted by the provisions of the AEDPA:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## A.

Procedurally, we have directed district courts to "resolve all constitutional claims presented in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254[] before granting or denying relief." Clisby, 960 F.2d at 934. That directive is an attempt to avoid the piecemeal litigation of federal habeas petitions. It grew out of a recognition that "policy considerations clearly favor the contemporaneous consideration of allegations of constitutional violations grounded in the same factual basis: a one-proceeding treatment of a petitioner's case enables a more thorough review of his claims, thus enhancing the quality of the judicial

6

product." Maharaj v. Sec'y for Dept. of Corr., 304 F.3d 1345, 1349 (11th Cir. 2002) (internal marks and alterations omitted). Therefore, when a district court fails to address all claims in a habeas petition, we usually "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims . . . ." Clisby, 960 F.2d at 938.

There was no violation of the Clisby rule in this case. While the magistrate judge's report and recommendation did not specifically address this claim, it did expressly recommend that "all of Hillary's allegations of ineffective assistance are affirmatively contradicted by the existing record." The district court adopted that recommendation. That is good enough to satisfy the Clisby rule. See Clisby, 960 F.2d at 934.[1]

B.

To prevail on an ineffective assistance of counsel claim a petitioner must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687,

---

[1] We have also said that a district court errs when it rules on a habeas petition without adequately explaining its ruling and thereby fails "to provide [us] with a sufficient basis for review." Broadwater v. United States, 292 F.3d 1302, 1303 (11th Cir. 2002) (marks omitted). However, even if the district court violated the Broadwater rule by not explaining its ruling regarding the taped confession, we have discretion to decide the claim anyway without a remand. See, e.g., Spaziano v. Singletary, 36 F.3d 1028, 1041-42 (11th Cir. 1994) (exercising discretion to decide in the first instance whether a § 2254 claim was barred by Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060 (1989)).

7

104 S.Ct. 2052, 2064 (1984). The petitioner bears the burden of proving that counsel's performance was unreasonable and that particular and identified acts or omissions of counsel fell outside the wide range of professionally competent assistance. Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir. 2000) (en banc). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. Counsel's performance is deficient only if it falls below an objective standard of reasonableness. Id. at 688, 104 S.Ct. at 2064.

## C.

In regard to Hillary's ineffective assistance claim involving the failure to challenge the statements he made while talking with the police officers in an attempt to get back the seized jewelry, statements stemming from custodial interrogation cannot be used to prosecute a defendant unless he was advised of his Miranda warnings. Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602 (1966). A suspect is not in custody, however, unless "under the totality of the circumstances, a reasonable man in the suspect's position would feel a restraint on his freedom of movement fairly characterized as that degree associated with a formal arrest to such extent that he would not feel free to leave." United States v.

Phillips, 812 F.2d 1355, 1360, 1362 (11th Cir. 1987) (marks omitted) (concluding

that appellee was not in custody where he drove himself to a police station in

response to a message left by a police officer, was not placed under arrest, was not

restrained, and the officers did not resort to any sort of physical or psychological

pressure to obtain a statement).

Failure of counsel to move to suppress, or to otherwise challenge the

admissibility of Hillary's statements to the police officers was not ineffective

assistance, because there was no valid basis for challenging admission of the

statements. There was no Miranda violation because there was no custodial

interrogation. See Phillips, 812 F.2d at 1360. Hillary voluntarily went to the

police station and talked with them about the search in an attempt to get back the

jewelry.[2]

### D.

In regard to the claim that counsel was ineffective for failing to move to

suppress the firearm, there was no valid basis for suppressing it. The warrant was

based on probable cause. While the warrant did not specifically authorize the

officers to search for a firearm, it did expressly authorize them to look for

---

[2] It may be that this claim is procedurally barred because of Hillary's failure to raise it earlier than he did in state court. We need not decide that issue in view of our conclusion that it lacks merit.

"cocaine, drug paraphernalia, proof of occupancy, ownership, control of management of said property, records of drug transaction[s], and U.S. currency," and most of those items could easily have been hidden in the pillowcase. The officers did not exceed the scope of the warrant by looking in the pillowcase, and when they did they found the firearm. Given that Hillary was a convicted felon and that other evidence indicated he owned or occupied the residence where the firearm was found, the incriminating nature of the firearm was readily apparent. Seizing it did not violate the Fourth Amendment .

Accordingly, the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law, and the district court properly denied the § 2254 petition.

**AFFIRMED.**