[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 06-15546
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2008
THOMAS K. KAHN
CLERK

D.C. Docket Nos. 03-01031-CV-T-N,
99-00137-CR-N

JOHN THOMAS RILEY, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 22, 2008)

Before EDMONDSON, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

John Thomas Riley, Jr., a federal prisoner proceeding pro se, appeals the

district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence.[1] This Court originally denied Riley a certificate of appeal ability ("C.A.") but, on reconsideration, we granted a C.A. on whether the district court properly addressed all of Riley's claims under Clisby v. Jones, 960 F.2d 925, 935-36 (11th Cir. 1992) (en banc). Reversible error has been shown; we vacate without prejudice and remand for additional proceedings.

On appeal, Riley argues that Clisby required the district court to address all of his claims.[2] In considering a district court's denial of a section 2255 motion, we review fact determinations for clear error and questions of law de novo. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).

In Clisby, we wrote that district courts must "resolve all constitutional claims presented in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 before granting or denying relief." 960 F.2d at 934. A "claim for relief" is defined as "any allegation of a constitutional violation;" and "an allegation of one

---

[1]Riley previously had been convicted of drug conspiracy, drug smuggling, money laundering, and unlawful use of a communications device.

[2]Riley also argues the merits of some of the claims the district court allegedly did not address. But we do not consider these arguments because they are beyond the scope of the C.A. See Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) (scope of review on appeal from denial of a post-conviction motion is restricted to issue specified in the C.A.).

constitutional violation and an allegation of another constitutional violation constitute two distinct claims for relief, even if both allegations arise from the same alleged set of operative facts." Id. at 936. We have not yet determined whether Clisby applies to section 2255 motions, but we have noted that "the principles developed in habeas cases also apply to section 2255 motions." See Gay v. United States, 816 F.2d 614, 616 n.1 (11th Cir. 1987); see also Broadwater v. United States, 292 F.3d 1302, 1303 (11th Cir. 2002) (vacating and remanding the summary denial of a section 2255 motion, concluding that the district court's order did not provide this Court "with a sufficient basis for review").

After careful review, and assuming that Clisby applies to section 2255 motions, we conclude that the district court failed to consider all of Riley's claims. Riley filed a counseled section 2255 motion and later filed two amendments to this motion. In these three pleadings, Riley enumerated 25 separate grounds for relief. Of these claims, the district court did not address the following claim at all:

> Counsel was ineffective for failing to object to the district court's finding that Riley did not qualify for an acceptance of responsibility reduction (raised as Claim 11 of Riley's second amendment to his section 2255 motion).

We also conclude that the district court failed to address adequately the following claims:

The district court erred in enhancing Riley's sentence for obstruction of justice and possession of a gun because the evidence did not support these enhancements; and counsel was ineffective for failing to challenge these enhancements at sentencing or on appeal (raised as Claim 5 of original section 2255 motion and Claims 10 and 12 of second amendment to the section 2255 motion); and

counsel was ineffective for allowing Riley to plead guilty to money laundering, where he did not take money outside of the United States and, thus, was not guilty of the offense (raised as Claim 14 of the second amendment to the section 2255 motion).

The district court construed these claims as based on Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), and rejected them as procedurally barred; but Riley's challenges in these claims were based on lack of evidence and not Apprendi.

We briefly discuss the remainder of the C.A., which lists two other allegedly unaddressed claims. We conclude that these claims -- that counsel was ineffective for failing to challenge at sentencing or on appeal (1) the sentencing enhancement for Riley's role in the offense because evidence did not support it and (2) the drug amount attributed to him because the court improperly relied on the conduct of others that was not in furtherance of the conspiracy -- were not properly raised in his section 2255 motion or in either amendment. Riley raised these issues only in his reply to the government's response to his section 2255 motion. See

4

Fed.R.Civ.P. 15(a) (a party is permitted to amend a pleading once "as a matter of course" at any time before a responsive pleading is served or, otherwise, only by leave of court or by written consent of the adverse party); Rule 12 of the Rules Governing Section 2255 Proceedings (district court may apply the Federal Rules of Civil Procedure consistent with the Rules Governing Section 2255 Proceedings).[3]

Because the district court did not address all of the claims raised in Riley's section 2255 motion, we vacate and remand for additional proceedings consistent with this opinion.

VACATED AND REMANDED.

---

[3]We note that all of Riley's pleadings filed in the district court were counseled; and, thus, the pleadings are unentitled to the liberal construction that pro se filings are. And while Riley penned his reply as a "Memorandum in Support of 28 U.S.C. § 2255," it was filed as a reply to the government's response -- not an amendment raising additional claims -- and the district court construed it as such.