[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 16, 2009

-------------------------------------------

No. 08-10034
Non-Argument Calendar

-----------------------------------------------

D.C. Docket No. 97-00213-CR-T-17MAP

HANDY BAILEY, JR.,

                                        Petitioner-Appellant,

        versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

-----------------------------------------------------------------

(January 16, 2009)

Before EDMONDSON, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Handy Bailey, Jr. ("Bailey"), a federal prisoner proceeding pro se, appeals the District Court's summary denial of his Fed.R.Crim.P. 33 ("Rule 33") Motion for New Trial Based on Newly Discovered Evidence. The District Court denied his untimely motion without explanation. No reversible error has been shown; we affirm.

On 18 December 1997, Bailey was convicted of possession with intent to distribute cocaine base in violation of 18 U.S.C. § 841(a)(1). The District Court sentenced him to 360 months in prison followed by 96 months of supervised release. In the following years, Bailey filed several post-conviction motions.

On 12 April 2007, Bailey filed a Rule 33 Motion for New Trial Based on Newly Discovered Evidence. According to Rule 33, Bailey had three years to file this motion. The last date on which he properly could have filed it was 18 December 2000.

The District Court denied the motion sua sponte and did not indicate the basis on which it made its decision. On appeal, Bailey argues that the District Court abused its discretion by failing to explain why it denied the motion.

Motions for a new trial are reviewed for abuse of discretion. U.S. v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). District courts are responsible for rendering reasoned decisions, and this Court has remanded where a one-

sentence summary denial denied the "opportunity to conduct meaningful appellate review." Danley v. Allen, 480 F.3d 1090, 1091-92 (11th Cir. 2007). This Court has remanded 28 U.S.C. § 2255 cases when the district court summarily denied them. See, e.g., Broadwater v. U.S., 292 F.3d 1302, 1303 (11th Cir. 2002). But this Court has also said that not every summary denial needs more explanation, and some § 2255 motions may be clearly without merit. Id. This Court may affirm a lower court ruling on any ground supported by the record. U.S. v. Mejia, 82 F.3d 1032, 1035 (11th Cir. 1996).

This motion was untimely by at least five years and is therefore clearly without merit, and we affirm its dismissal on that ground.

AFFIRMED.