[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10194
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:96-cr-00161-CC-JED-2

TAM TRAN NGUYEN,

                                                          Petitioner-Appellant,

                              versus

UNITED STATES OF AMERICA,

                                                          Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 16, 2011)

Before EDMONDSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Tam Tran Nguyen, a federal prisoner proceeding *pro se*, appeals the district

court's order denying his motion to vacate sentence, 28 U.S.C. § 2255. We

granted a certificate of appealability with respect to the following issues:

> (1)     Whether the district court erred in denying Nguyen's 28 U.S.C.
> § 2255 motion based on a finding that the § 2255 motion was
> untimely?
>
> (2)     Whether the district court erred in denying Nguyen's 28 U.S.C.
> § 2255 motion based on a finding that the claims raised in the § 2255
> motion were procedurally defaulted?
>
> (3)     Whether the district court erred, pursuant to *Clisby v. Jones*,
> 960 F.2d 925, 935-36 (11th Cir. 1992) (*en banc*), by not addressing
> all of Nguyen's claims raised in his 28 U.S.C. § 2255 motion?
>
> (4)     Whether the district court erred when it failed to provide a
> specific basis for appellate review under *Broadwater v. United States*,
> 292 F.3d 1302, 1304-05 (11th Cir. 2002)?

For the reasons stated below, we vacate the district court's order denying

Nguyen's § 2255 motion and remand for further proceedings.

I.

In 1998, Nguyen was convicted following a jury trial of:  (1) operating an

interstate racketeering enterprise, in violation of the Racketeering Influenced and

Corrupt Organizations Act, 18 U.S.C. § 1962(c) (Count 1); (2) conspiring to

operate an interstate racketeering enterprise, in violation of 18 U.S.C. § 1962(d)

(Count 2); and (3) Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2

(Count 28).  The district court sentenced Nguyen to concurrent life sentences for

2

Counts 1 and 2. We affirmed Nguyen's convictions on direct appeal, but vacated his sentences. *United States v. Nguyen*, 255 F.3d 1335 (11th Cir. 2001).

On remand, the district court resentenced Nguyen to a total term of 720 months' imprisonment. Nguyen appealed for a second time, and we affirmed his sentences on December 27, 2002. *United States v. Nguyen*, 55 Fed.Appx. 900 (11th Cir. 2002). On March 24, 2003, less than 90 days later, Nguyen filed a petition for a writ of *certiorari* with the United States Supreme Court. The Supreme Court denied Nguyen's petition for *certiorari* on May 5, 2003. *Nguyen v. United States*, 538 U.S. 1022, 123 S.Ct. 1951, 155 L.Ed.2d 866 (2003).

Nguyen filed his *pro se* § 2255 motion on April 12, 2004. His motion raised a total of nine claims, some of which involved substantive issues and some of which were claims of ineffective assistance of counsel. Among other things, Nguyen asserted that his appellate counsel rendered ineffective assistance by failing to raise the substantive issues presented in his § 2255 motion on direct appeal. The government moved to dismiss Nguyen's § 2255 motion, contending that the motion was untimely and that Nguyen's substantive claims were procedurally defaulted because he failed to raise them on direct appeal.

The district court denied Nguyen's § 2255 motion. First, the court concluded that all of Nguyen's claims were barred by the applicable one-year

statute of limitations. Next, the court determined that Nguyen's substantive claims were procedurally barred because Nguyen had failed to raise those claims on direct appeal, and had not shown cause or prejudice to excuse the procedural default. The court did not elaborate further on the basis for its decision. Nguyen filed a motion to alter or amend the judgment, which the district court denied.

II.

A district court's interpretation and application of a statute of limitations is a legal determination that we review *de novo*. *Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for filing a § 2255 motion, which begins to run on the latest of four triggering dates, the one relevant to this appeal being "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). If a prisoner files a petition for a writ of *certiorari* with the Supreme Court following his direct appeal, his conviction becomes final when the Supreme Court either denies *certiorari* or issues a decision on the merits. *Washington*, 243 F.3d at 1300-01. Otherwise, the conviction becomes final after the 90-day time period for filing a petition for *certiorari* expires. *Clay v. United States*, 537 U.S. 522, 532, 123 S.Ct. 1072, 1079, 155 L.Ed.2d 88 (2003); *Kaufmann v. United States*, 282 F.3d 1336, 1339

(11th Cir. 2002).

In this case, Nguyen filed a timely petition for certiorari on March 24, 2003. The Supreme Court denied *certiorari* on May 5, 2003, so Nguyen's conviction became final on that date. S*ee Washington*, 243 F.3d at 1300-01. Nguyen filed his § 2255 motion on April 12, 2004, before the one-year statute of limitations had run. *See* 28 U.S.C. § 2255(f). Therefore, the district court erred in concluding that Nguyen's § 2255 motion was untimely.

### III.

"When reviewing the district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law *de novo*." *Rhode v. United States*, 583 F.3d 1289, 1290 (11th Cir. 2009). A prisoner who fails to raise an issue on direct appeal is procedurally barred from raising that claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). A claim of ineffective assistance of counsel may satisfy the cause exception to a procedural bar, but only if the claim has merit. *Id.* An ineffective assistance claim has merit if "the arguments the defendant alleges his counsel failed to raise were significant enough to have affected the outcome of his appeal." *Id.*

In ruling on a § 2255 motion, the district court must set forth enough

analysis to provide a sufficient basis for appellate review. *Broadwater*, 292 F.3d at 1303-04. In a simple case where it is plain from the record that the prisoner is not entitled to any relief, a mere summary denial may be adequate. *Id.* at 1303. Where, however, there may be some merit to the prisoner's claims if supported by the record, the district court must set forth findings of fact or conclusions of law explaining why it has rejected those claims. *Id.* at 1303-04.

In this case, the district court observed that Nguyen "has failed to establish cause and prejudice," but the court did not explain how it reached that conclusion. Although Nguyen did not raise his substantive claims on direct appeal, he asserted that he was unable to do so because his appellate counsel provided him with ineffective assistance. If Nguyen's ineffective assistance claim is meritorious, it would provide cause to excuse the procedural default. *See Nyhuis*, 211 F.3d at 1344. Although Nguyen's ineffective assistance claim ultimately may be unsuccessful, it does not appear to be completely lacking in merit on its face. It is not clear from the district court's order whether the court considered Nguyen's claim that his appellate counsel was ineffective, and, if so, why it concluded that the claim was meritless. Because the record does not provide a sufficient basis to review the district court's determination that Nguyen had failed to show cause and prejudice, we must vacate the district court's order and remand for further

6

findings.  *See Broadwater*, 292 F.3d at 1303-04.

IV.

As noted above, in considering the district court's denial of a § 2255 motion, we review questions of law *de novo*.  *Rhode*, 583 F.3d at 1290.  In *Clisby*, we explained that district courts must resolve all claims for relief presented in a petition for a writ of habeas corpus, regardless of whether habeas relief is granted or denied.  *Clisby*, 960 F.2d at 935-36.  When the district court fails to do so, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938.  Although *Clisby* involved a state prisoner's application for a writ of habeas corpus under 28 U.S.C. § 2254, its holding also is applicable to § 2255 motions filed by federal prisoners.  *Rhode,* 583 F.3d at 1291.

In this case, the district court concluded that all of Nguyen's claims were untimely, and that his substantive claims were procedurally barred.  Because the district court resolved all of the claims raised by Nguyen, no *Clisby* violation occurred.  *See Clisby*, 960 F.2d at 935-36.  Nevertheless, as described above, the district court erred in concluding that Nguyen's claims were untimely, and failed to explain its conclusion that his substantive claims were procedurally defaulted.

7

Accordingly, we vacate the district court's order and remand so that the district court may (1) address the merits of Nguyen's ineffective assistance claims, and (2) further explain its conclusion that Nguyen cannot show cause or prejudice to excuse the procedural default of his substantive claims.

**VACATED AND REMANDED.**