[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11793
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 1, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:07-cr-00048-RS-3

BRUCE THEODORE SMITH,
a.k.a. Deuce,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 1, 2011)

Before MARCUS, KRAVITCH and BLACK, Circuit Judges.

PER CURIAM:

Bruce Smith appeals the denial of his "Motion Under the Rule of Equity for Good Cause," construed by the district court as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. On appeal, Smith argues that the district court erred in denying him leave to appeal his convictions and sentences because his attorney, Christopher Patterson, repeatedly refused to file an appeal on his behalf. The government agrees that this case should be remanded to the district court because the limitations period applicable to Smith's habeas corpus petition might have been equitably tolled by Patterson's refusal to file an appeal. After careful review, we vacate and remand.

We construe pro se filings liberally to afford review on any "legally justifiable base." Sanders v. United States, 113 F.3d 184, 187 (11th Cir. 1997); see United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (construing liberally a pro se motion for a writ of audita querela as a motion to vacate under 28 U.S.C. § 2255). We review de novo the district court's determination that a § 2255 motion to vacate is time-barred. Drury v. United States, 507 F.3d 1295, 1296 (11th Cir. 2007).

We have explained that "[i]t is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper" and that "[i]t is also clear that a § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to

2

do so." Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008). Accordingly, "[a] prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence." Id.

Furthermore, we have held that a district court should explain the reasoning behind its denial of § 2255 relief in order to "provide this [C]ourt with a sufficient basis for review." Broadwater v. United States, 292 F.3d 1302, 1303 (11th Cir. 2002) (holding that the district court's one-sentence denial of an individual's six ineffective assistance of counsel claims did not provide a sufficient basis for appellate review given the complexity of the claims, the voluminous record on appeal, and the fact that the movant's claims had arguable merit).

The Antiterrrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposes a one-year statute of limitations for filing a § 2255 motion, which begins to run following one of four enumerated events, including, "the date on which the judgment of conviction becomes final," and "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (4). However, if a petition is untimely filed, "a petitioner is entitled to equitable tolling . . . if he shows (1) that he has been pursuing his rights diligently, and (2) that some

3

extraordinary circumstance stood in his way and prevented timely filing." San Martin v. McNeil, __ F.3d __, 2011 WL 620990, *7 (11th Cir. Feb. 23, 2011) (quotation omitted). We have determined that serious attorney misconduct, including "acts of gross negligence [and] acts of outright willful deceit," could constitute "extraordinary circumstances," which would justify equitable tolling of a movant's § 2255 motion. Downs v. McNeil, 520 F.3d 1311, 1323 (11th Cir. 2008); see also Holland v. Florida, 560 U.S. ----, 130 S.Ct. 2549, 2564 (2010) (holding that equitable tolling may be available in an "extraordinary" instance in which the conduct of a petitioner's attorney constitutes more than "garden variety" or "excusable neglect"). In Downs, we remanded the case to the district court for an evidentiary hearing because the district court had not made factual findings regarding Downs's allegations of attorney misconduct. 520 F.3d at 1325.

In this case, the district court erred in construing Smith's motion as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. We have clearly held that "[a] prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence." Antonelli, 542 F.3d at 1351 n.1. Smith's motion did not raise claims concerning the execution of his sentence and the district

4

court should have construed Smith's motion as a motion to vacate, set aside or correct sentence filed under § 2255.

Further, Smith's use of the phrase "nunc pro tunc," his reference to Fed.R.App.P. 4(b), and request for the district court to adhere to the spirit of the law in granting him relief evince Smith's desire to escape the limitations period applicable to his case. Liberally construing Smith's motion as a motion to vacate, and as pleading for equitable tolling of the limitations period in § 2255(f), we remand to the district court to make factual findings regarding Smith's allegations of attorney misconduct. "In the end" it is impossible to say "whether extraordinary circumstances are present that entitle [the movant] to equitable tolling because the district court made no findings of fact with respect to whether counsel's behavior was as appalling as [the movant] alleges," and "[u]ltimately, whether equitable tolling is warranted is a decision that must rest on facts." Downs, 520 F.3d at 1323, 1325.

**VACATED AND REMANDED.**