[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12421
Non-Argument Calendar
_____

D.C. Docket Nos. 4:10-cv-00069-BAE-GRS; 4:07-cr-00285-BAE-GRS-1

DARNELL LAMAR HARRIS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 3, 2013)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Darnell Lamar Harris, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and 112-month sentence for possession of a firearm by a convicted felon. We granted a certificate of appealability on the sole issue of "[w]hether the district court violated Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), and Rhode v. United States, 583 F.3d 1289, 1291 (11th Cir. 2009), when it failed to address Harris's argument that his plea was invalid because counsel misadvised him as to the sentencing consequences of entering a guilty plea." After review, we conclude that the district court complied with Clisby and affirm.

In Clisby, this Court instructed district courts to resolve all claims for relief raised in a habeas petition prior to granting or denying relief. Clisby, 860 F.2d at 936. If the district court does not address all claims prior to issuing judgment, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Id. at 938; see also Rhode, , 583 F.3d at 1291 (applying Clisby in the § 2255 context).

Harris's § 2255 motion alleged, in relevant part, that his counsel advised him it was in his best interests to plead guilty because he would "get a sentence[ ] between 21 to 37 months," but did not tell Harris he faced a sentencing

2

enhancement for assault.[1]  Harris further alleged that but for "counsel['s] bad information," he would have proceeded to trial.

With respect to this claim, the district court adopted the magistrate judge's report, which stated that: (1) Harris's § 2255 motion claimed "that he should be let out of his plea" because his counsel misadvised him that a plea would result in a 21-to-37-month sentence; (2) Harris claimed that, if not for his counsel's "bad information[,] Harris would have gone to trial"; (3) "Harris points to nothing to show that his plea was involuntary" and did not "cite any other valid legal grounds for undoing his guilty plea"; (4) Harris "does not deny that the guilty-plea judge thoroughly explained to him his maximum sentence exposure, . . . and that at best his lawyer could only estimate, not promise, a sentence within that maximum range"; and (6) "Harris does not claim that he was misled about, or misunderstood, any of that."  In other words, the district court concluded that Harris's claim was foreclosed by his plea colloquy.

Moreover, the district court included citations to the pertinent portions of the plea hearing it relied upon in rejecting Harris's claim.  Specifically, the plea colloquy cited in the report, adopted by the district court, showed that: (1) Harris was advised of the maximum ten-year sentence he faced under 18 U.S.C. § 922(g);

---

[1]At sentencing, Harris received, <u>inter alia</u>, a six-level increase, pursuant to U.S.S.G. § 3A1.2(c), for assaulting a law enforcement officer.  His advisory guidelines range was 92 to 115 months' imprisonment.

(2) Harris had discussed the sentencing guidelines with his counsel and understood that the sentencing guidelines were advisory; (3) the district court explained to Harris that the court would consider the sentencing guidelines range along with other factors in deciding what sentence to impose; (4) the district court warned Harris that any estimate his counsel had given him as to the guidelines range or the sentence that might be imposed was merely an estimate because his counsel "can't know, because I don't know until I see this Presentence Report, what the range will be or what the sentence in my view should be"; (4) Harris indicated that he understood that even if his counsel's estimate was mistaken, he would still be bound by his plea agreement; and (5) Harris agreed that no one, including his counsel, had made any promises to him that were not in the plea agreement.

In sum, we conclude that the district court's resolution of Harris's involuntary plea claim, while brief, was sufficient to comply with Clisby. See Long v. United States, 626 F.3d 1167, 1170 (11th Cir. 2010) (stating that a district court reviewing a § 2255 motion must "facilitate meaningful appellate review by developing adequate factual records and making sufficiently clear findings as to the key issues"); Broadwater v. United States, 292 F.3d 1302, 1303 (11th Cir. 2002) (explaining that simple § 2255 claims that obviously have no merit may not require extensive explanation).

**AFFIRMED.**