[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10004
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-00495-GAP-KRS


LUC TERMITUS,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 23, 2016)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Luc Termitus, a Florida state prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 federal habeas corpus petition.  This Court granted a certificate of appealability (COA) as to whether the district court violated *Clisby v. Jones*, 960 F.2d 925, 938 (11th Cir. 1992) (en banc), by failing to address whether appellate counsel was ineffective for failing to argue that Termitus's two attempted robbery convictions violated the Double Jeopardy Clause.  Termitus argues that, although the district court addressed part of his double-jeopardy claim, it erred by failing to address the "second aspect" of his claim, namely, that his counsel was ineffective for failing to assert that his two attempted armed robbery convictions for one attempted theft constituted a double jeopardy violation.  He asserts that his district court pleadings, especially his reply to the state's response to his § 2254 petition, pointed out and expanded on his two discrete double-jeopardy theories.

When a district court fails to address every claim raised in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Clisby*, 960 F.2d at 938.  For our purposes, a claim "is any allegation of a constitutional violation." *Id.* at 936.  Ineffective assistance of counsel constitutes a violation of a defendant's Sixth Amendment rights, and, thus, is a claim of a constitutional violation. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984).  We have also stated that "in a post-

conviction case, the district court must develop a record sufficient to facilitate our review of all issues pertinent to an application for a COA and, by extension, the ultimate merit of any issues for which a COA is granted." *Long v. United States*, 626 F.3d 1167, 1170 (11th Cir. 2010); *see also Broadwater v. United States*, 292 F.3d 1302, 1303-04 (11th Cir. 2002) (vacating and remanding because the district court gave no basis for its decision, stating that where "there may potentially be some merit to the allegations if supported by the record, and the record consists of voluminous files and transcripts, an adequate appellate review of the basis for the district court's decision requires something more than a mere summary denial of the § 2255 motion").

Although Termitus's § 2254 petition did not clearly distinguish between his arguments regarding the two attempted robbery charges and the first-degree murder charge, a liberal reading of his petition indicates he sought to challenge appellate counsel's failure to raise both double jeopardy issues. *See Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013) (explaining *pro se* petitions are to be construed liberally). Additionally, Termitus's reply specifically stated the State only responded to part of his double jeopardy claim, and clarified that he actually asserted two separate double jeopardy violations.

The district court did not address Termitus's ineffective-assistance claim based on the two robberies. His claim, on its face, is not one that can be deemed to

3

be plainly meritless under the existing record, and, thus, the district court was required to provide more than a mere summary denial of his § 2254 motion. *See Broadwater*, 292 F.3d at 1304. The district court's analysis and its restatement of Termitus's claims in its dispositive order shows that it believed his only double jeopardy claim was that his appellate counsel failed to challenge the murder and robbery convictions as a double jeopardy violation. The district court's statement at the end of its order that "[a]ny of [T]ermitus's allegations not specifically addressed herein have been found to be without merit" does not develop a record sufficient to show it complied with *Clisby*. *See Long*, 626 F.3d at 1170. This catch-all statement only summarily denied the claim and gave no bases for its decision. *See Broadwater*, 292 F.3d at 1303-04.

Thus, Termitus raised a claim in his habeas petition that the district court failed to address. *See Clisby*, 960 F.2d at 938. We vacate and remand for the district court to consider in the first instance whether Termitus's counsel was ineffective for failing to challenge his robbery convictions as a violation of the Double Jeopardy Clause. *See id.*

**VACATED AND REMANDED.**