[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13270
Non-Argument Calendar

_____

D.C. Docket Nos. 1:17-cv-00430-WS,
1:15-cr-00212-WS-C-1

EDWARD JOSEPH BAKER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 15, 2021)

Before ROSENBAUM, NEWSOM, and BLACK, Circuit Judges.

PER CURIAM:

Edward Joseph Baker, *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion.  We issued a certificate of appealability (COA) on one issue:  whether the district court wrongly assessed Baker's ineffective assistance of counsel claim based on documents not in the record.[1]  No reversible error has been shown,[2] and we affirm.

I.  DISCUSSION

*A.  Documents Considered*

In denying Baker's ineffective assistance of counsel claim, the district court relied on alleged statements made by the district court and Baker during the plea hearing and the sentencing hearing.  However, when Baker appealed this case to our court, transcripts from those hearings were not in the district court record.  The Government filed a motion for leave to supplement the record on appeal with transcripts of the plea and sentencing hearings, and we granted the motion. *See Dickerson v. Alabama*, 667 F.2d 1364, 1367 & n.5 (11th Cir. 1982) (stating while

---

[1]  As a preliminary matter, most of Baker's arguments on appeal fall outside the scope of the COA, and he has not filed a motion to expand the COA.  Because there are not any exceptional circumstances warranting a *sua sponte* expansion of the COA, we will not address Baker's arguments that are outside the scope of the COA.  *See Dell v. United States*, 710 F.3d 1267, 1272 (11th Cir. 2013) (explaining we may *sua sponte* expand a COA under "exceptional circumstances," but an appellant granted a COA on one issue cannot simply brief other issues to force both us and his opponent to address them).

[2]  In reviewing the denial of a § 2255 motion, "we review legal conclusions *de novo* and findings of fact for clear error." *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (quotations omitted).  Whether trial counsel was ineffective is a mixed question of law and fact that is reviewed *de novo*. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).

we do not often supplement the record on appeal with evidence not reviewed by the district court, we may do so under our inherent equitable powers).

In *Dickerson*, we held it was appropriate to supplement the appellate record with transcripts of state proceedings that the district court did not consider when it denied a petitioner's motion under 28 U.S.C. § 2254. *Id.* at 1367. We held that, because the proper resolution of the substantive issues when viewed in the context of the relevant facts was beyond any doubt, remanding the case to the district court to review the additional transcripts would be contrary to both the interests of justice and efficient use of judicial resources. *Id.* Noting that appellate courts had been granted unique powers in habeas proceedings, we considered the transcripts while reviewing the district court's denial of the habeas petition. *Id.* at 1368 & n.7.

While Baker fails to point to specific documents outside the record on which the court improperly relied, he appears to challenge the report and recommendation's findings about his guilty plea without access to the plea hearing transcript, as well as its reliance on the presentence investigation report (PSI) in finding he had notice of the statutory sentencing minimums. First, Baker's argument he was unaware he was subject to statutory minimum sentences on Counts One and Three fails. The record shows that Baker was advised of the statutory minimum multiple times before, during, and after he pleaded guilty: his indictment included an attachment describing the penalties; a guidelines worksheet

3

prepared by a probation officer before his plea included the statutory minimum sentences and Baker's attorney advised the court that he reviewed the worksheet with him; the plea agreement outlined the statutory minimum penalties; and the PSI stated the statutory minimum penalties.  While the PSI was prepared after Baker pleaded guilty, he still had the opportunity to object to the information within it either before or during his sentencing hearing—which he did not do.  This Court can affirm on any basis supported by the record, and the record shows Baker was advised multiple times by the court and his attorney of the statutory minimum penalties he faced.  *See Martin v. United States*, 949 F.3d 662, 667 (11th Cir.), *cert. denied,* No. 20-30 (U.S. Oct. 5, 2020) (stating this Court "can affirm on any basis supported by the record, regardless of whether the district court decided the case on that basis") .

Next, even if the magistrate judge did not have access to the plea hearing transcript, the district judge who denied Baker's § 2255 motion after reviewing the report and recommendation and his objections was the same judge who presided over the underlying criminal proceedings.  *See Broadwater v. United States*, 292 F.3d 1302, 1304 (11th Cir. 2002).  We have noted that "some situations may be resolved by the district court's personal knowledge or recollection," and here, because we allowed the Government to supplement the record with the plea hearing transcript, we are able to review the accuracy of the district court's

4

recollection. *See id.* at 1303-04. A review of the plea hearing transcript shows that Baker's plea was knowing and voluntary and not the product of ineffective assistance of counsel, as discussed below. Thus, remanding the case for the district court to consider the transcripts would be contrary to the interests of justice and efficient use of judicial resources, and we shall consider the plea hearing and sentencing hearing transcripts when reviewing the district court's denial of Baker's § 2255 motion. *See Dickerson*, 667 F.2d at 1367.

## B. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. *Id.* at 687-89. Prejudice is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694.

"A plea of guilty is constitutionally valid only to the extent it is voluntary and intelligent." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quotations omitted). On collateral review, the *Strickland* standard applies to a claim that a plea was not knowing and voluntary due to ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). Accordingly, where a defendant enters a

plea based on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 56 (quotations omitted). A defendant who pleaded guilty satisfies the prejudice standard of *Strickland* by establishing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59 (quotations omitted).

Under Rule 11, before a court can accept a guilty plea, it must inform the defendant of his rights should he plead not guilty, the nature of the charges against him, the potential penalties, and the court's obligation to calculate his advisory guideline range. *See* Fed. R. Crim. P. 11(b)(1)(B)-(E), (G)-(M). The court must also explain that a guilty plea waives the defendant's trial rights as well as ensure that the plea is entered voluntarily and is supported by a sufficient factual basis. *See id.* 11(b)(1)(F), (b)(2)-(3). In evaluating whether a Rule 11 error substantially has affected a defendant's rights, we have examined Rule 11's three "core principles," which are ensuring that: (1) the guilty plea is free of coercion; (2) the defendant understands the nature of the charges against him; and (3) the defendant understands the direct consequences of the guilty plea. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). There is a strong presumption that the defendant's sworn statements made during a plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

6

The plea hearing transcript refutes Baker's claim he pleaded guilty only because of his counsel's ineffectiveness.  First, the district court placed Baker under oath and ensured he was competent to plead guilty.  Baker confirmed he was satisfied with the advice his attorney gave him and his representation and had read the plea agreement with his attorney.  He confirmed to the court he had not been induced to plead guilty by any threats or outside promises.  The court advised Baker he faced a ten-year minimum statutory sentence on Count One and a five-year mandatory consecutive sentence on Count Three, and Baker responded he understood the penalties.  Baker confirmed he understood that by pleading guilty he was waiving his rights to plead not guilty and proceed to trial, confirmed his understanding of the elements of the offenses, and admitted the acts described in the factual resume.

Baker's ineffective assistance claim also fails because he has not shown he was prejudiced by any deficient performance of counsel.  Aside from his belated, self-serving statements, Baker presented no evidence he would not have pleaded guilty but for his counsel's allegedly erroneous advice.  While the § 924(c) count was likely an important consideration, under the plea agreement the Government agreed to dismiss Count Two, a substantive drug count that would have carried another ten-year statutory minimum sentence, and it would not have been rational to reject a plea offer under these circumstances.  Further, Baker has not explained

7

why, when given the opportunity to object to the PSI, allocute, and object to the sentence imposed, he never asked the court about his sentence.

## II.  CONCLUSION

In sum, the record shows Baker was advised multiple times of the statutory minimum sentences, he failed to present evidence he would not have pleaded guilty but for his attorney's advice, and despite multiple opportunities, he never questioned his sentence.  The plea hearing and sentencing hearing transcripts, which we consider under our inherent equitable powers, further show that Baker's plea was not the product of ineffective assistance, contradict his assertions the court and his attorney did not advise him of the statutory minimum sentences, and show he never questioned his sentence.  Accordingly, the district court did not err in denying Baker's § 2255 motion.

**AFFIRMED**.