[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16232
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 22, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 09-08021-CV-JHH-PWG, 05-00327-CR-JHH

MICKEY L. LONG,

                                                            Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                            Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 22, 2010)

Before BLACK, WILSON and FAY, Circuit Judges.

PER CURIAM:

Mickey L. Long, a federal prisoner, appeals *pro se* from the district court's dismissal of his motion to vacate, set aside, or correct sentence, 28 U.S.C. § 2255, as untimely. We granted him a certificate of appealability (COA) on the following issue:

> Whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992), by failing to address Long's claim that he was entitled to statutory tolling of the limitations period, pursuant to 28 U.S.C. § 2255(f)(4) and *Aron v. United States*, 291 F.3d 708 (11th Cir. 2002), due to trial counsel's failure to file a requested direct appeal.

On appeal, Long contends that the district court was required to hold an evidentiary hearing on his claim. The government concedes that the district court did not address this claim, but it contends that *Clisby* should be applied only to substantive claims of constitutional violations in the criminal proceedings, not to claims for tolling of the limitations period. Upon review, we vacate and remand for further proceedings.

## I.

In 2005, Long pled guilty to possession with intent to distribute marijuana and hydromorphone, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and was sentenced to 97 months' imprisonment. He did not pursue a direct appeal of his sentence. In 2009, he filed a § 2255 motion raising several grounds for relief, including

ineffective assistance of counsel for failure to file a specifically requested direct appeal from the allegedly unconstitutional sentence. In the section titled "timeliness of motion," he claimed that his motion should be considered timely filed because of counsel's failure to file the requested appeal.

The government moved to dismiss the § 2255 motion as untimely, arguing only that it had been filed more than one year after the expiration of the time for filing a notice of direct appeal. In his response, Long argued that the government had created an impediment to timely filing when it transferred him to a state institution.

The magistrate judge recommended dismissing the motion as untimely. Although he found that the transfer to a state institution did not constitute a government-created impediment for purposes of § 2255, he did not acknowledge Long's claim that counsel's failure to file an appeal had tolled the limitations period, and he did not comment on the potential merits of Long's ineffective-assistance claim. Long objected to the report, noting in particular the issue of counsel's failure to file an appeal, but the district court summarily adopted the report and dismissed the § 2255 motion.

## II.

A § 2255 motion ordinarily is subject to a one-year limitations period.

3

§ 2255(f).  A § 2255 motion based on counsel's failure to file a requested direct appeal is considered timely under § 2255(f)(4) if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal.  *See Aron*, 291 F.3d at 711.

The district court must resolve all claims for relief raised on collateral review, regardless of whether relief is granted or denied.  *Clisby*, 960 F.2d at 936; *see also Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (holding that *Clisby*, which addressed a 28 U.S.C. § 2254 petition for a writ of habeas corpus, applies equally to § 2255 proceedings).  The government contends that the *Clisby* Court limited its holding to substantive claims of unconstitutional convictions and sentences when the Court stated, "A claim for relief for purposes of this instruction is any allegation of a constitutional violation."  *Clisby*, 960 F.2d at 936.  This is a misreading of the *Clisby* opinion.  *Clisby* did not address a petition that was dismissed without examination of the merits.  Rather, it was decided in the context of a petition that had been denied on the merits, but with not all of the claims being addressed in the district court's ruling.  The *Clisby* opinion highlights the need to include any and all cognizable claims when conducting a merits review, but it does not purport to address whether timeliness claims should be excluded from the rule it announces.

4

The government further contends that *Clisby* should not be applied to tolling claims because failure to review them does not result in piecemeal litigation. Here, though, piecemeal litigation has resulted, as the district court reviewed only the government's calculation of the baseline limitations period and one of Long's two tolling claims. The *Clisby* Court's failure to address the value of avoiding piecemeal litigation of timeliness issues, in a case that involved no such issues, does not require us to turn a blind eye to Long's unaddressed claim.

Finally, we have long required the district courts and administrative boards to facilitate meaningful appellate review by developing adequate factual records and making sufficiently clear findings as to the key issues. *See, e.g.*, *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 637-38 (11th Cir. 2010) (securities fraud case); *Shkambi v. U.S. Attorney Gen.*, 584 F.3d 1041, 1048-49 (11th Cir. 2009) (immigration case); *United States v. Gupta*, 572 F.3d 878, 889 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 1302 (2010) (criminal case). This general policy comports with the *Clisby* rule.

Thus, in a post-conviction case, the district court must develop a record sufficient to facilitate our review of all issues pertinent to an application for a COA and, by extension, the ultimate merit of any issues for which a COA is granted. If the post-conviction motion or petition is dismissed as untimely, the district court

must create a record that will facilitate meaningful appellate review of the correctness of the procedural ruling, the merit of the underlying substantive claims, or both, as required by *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000) (holding that a COA applicant must show arguable merit to both his procedural argument and an underlying constitutional claim). This will require the district court to resolve all claims the petitioner raises for tolling of the limitations period, regardless of whether those claims are granted or denied. *See Clisby*, 960 F.2d at 936.

The district court violated *Clisby* when it failed to address Long's claim for statutory tolling of the limitations period based on trial counsel's alleged failure to file a specifically requested direct appeal. Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**