[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12952
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 5, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 1:10-cv-23753-MGC, 1:08-cr-20006-MGC-1

FRANK TOWNSLEY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 5, 2012)

Before MARCUS, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Frank Townsley, proceeding *pro se*, appeals the district court's denial of his

motion to vacate as untimely under 28 U.S.C. § 2255. On appeal, Townsley asks that we remand his case for an evidentiary hearing in light of the district court's erroneous factual findings. For the reasons set forth below, we vacate and remand for an evidentiary hearing and further findings.

## I.

Following a jury trial in 2008, Townsley was found guilty of three drug and firearms charges. On appeal, we affirmed his convictions but vacated his sentences. The mandate was entered on May 14, 2009. Townsley was subsequently resentenced, and judgment was entered on July 30, 2009. It is undisputed that no notice of appeal was filed and the conviction became final on August 13, 2009. Townsley placed his § 2255 motion into the prison mailing system on October 11, 2010.

In his § 2255 motion, Townsley sought to assert, in relevant part, that his attorney was ineffective for failing to file a notice of appeal after he was resentenced. He also argued that he had 1 year and 90 days to file his motion to vacate because he did not discover that his attorney had not filed an appeal from his resentencing until he received a letter dated June 21, 2010, in which counsel explained that no appeal had been filed. Townsley also included an affidavit with his motion, in which he declared that he had instructed his attorney to file a notice

2

of appeal after his resentencing and that he thought that his attorney had done so.

To the motion, Townsley attached a number of letters between himself and counsel seeking documents retained by counsel. In the first letter, dated May 12, 2008, Townsley asked his attorney to send him a police report. In a letter dated May 28, 2010, Townsley asked for a number of documents, including the trial and sentencing transcripts. He asked counsel to respond within ten days due to the time limitations he faced in filing a motion to vacate. Specifically, he referenced the case number from the appeal of his original sentence and stated that he had to file his motion to vacate within one year of that appellate mandate. On June 9, 2010, counsel sent documents, including the trial transcript and pre-sentence report, but not transcripts from any sentencing. In a letter dated June 15, 2010, Townsley asked for additional documents, including the transcript from his resentencing. He stated that these documents were critical for his motion to vacate, and he reminded counsel that, as explained in his May 2010 letter, he faced time limitations in filing a motion to vacate. Accordingly, he again asked counsel to respond within ten days. In a letter dated June 21, 2010, counsel responded that the transcript of the resentencing had not been ordered because that sentence had not been appealed.

The government responded to Townsley's § 2255 motion to vacate, arguing

that it should be denied as untimely. The government refuted Townsley's assertion that he was surprised that his attorney, an assistant public defender, had not filed a notice of appeal. The government argued that the assistant federal public defenders could testify that Townsley had not requested that a notice of appeal be filed, as it was their practice to file a notice of appeal if a defendant requested one.

Townsley replied that, while he had submitted an affidavit in which he declared that he had asked his attorney to file a notice of appeal, the government had not filed an affidavit, but rather responded only with conclusory claims that he had not requested an appeal. He argued that the statute of limitations should have begun running on June 29, 2010, when he received the letter informing him that no direct appeal had been filed. He also noted that he had been seeking documents from counsel because he was diligently pursuing his ineffective assistance of counsel claims, which could not be brought on direct appeal. Townsley requested an evidentiary hearing.

A magistrate judge recommended dismissing the motion to vacate as time barred. The magistrate explained that, as relevant to this case, Townsley had to have filed his motion to vacate within one year from the date on which his conviction became final or within one year from the date on which he could have

4

discovered, through due diligence, the facts supporting his claims. Townsley did not dispute that he had not filed his motion within one year of his conviction becoming final. Thus, if Townsley's attorney had not filed a notice of appeal as requested, the issue was whether Townsley had filed his motion to vacate within one year of learning, through due diligence, of this failure on his attorney's part. The magistrate found, however, that Townsley's assertion that he believed his attorney had filed a notice of appeal after resentencing was "affirmatively contradicted by the record." In his May and June 2010 letters to counsel, Townsley stated that he believed that he had to file his motion to vacate within one year of the May 2009 mandate issued after his first sentencing. The magistrate found that, if Townsley believed that his attorney had filed an appeal after he was resentenced, he would not have referred to that earlier date in stating his deadline to file his motion to vacate. Additionally, Townsley urgently sought the requested documents from counsel, which indicated that he knew that his time to file his motion was running short because no notice of appeal had been filed.

Townsley objected to the magistrate's recommendation, arguing that the magistrate erroneously interpreted his diligent pursuit of his claims to indicate that he knew that his attorney had not filed an appeal after he was resentenced. Additionally, Townsley argued, the magistrate should have held an evidentiary

5

hearing or accepted his uncontested allegation that he instructed his attorney to file a notice of appeal.

After conducting a *de novo* review of the record, the district court affirmed and adopted the magistrate's recommendation and denied Townsley's motion to vacate as time barred. The district court granted a certificate of appealability ("COA") on the issue of whether Townsley's motion to vacate was timely.

II.

In reviewing the denial of a § 2255 motion to vacate, we review questions of law *de novo* and findings of fact for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). Whether the motion was timely is reviewed *de novo*. *Outler v. United States*, 485 F.3d 1273, 1278 (11th Cir. 2007). The denial of an evidentiary hearing in a § 2255 case is reviewed for an abuse of discretion. *Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002). A *pro se* petitioner's pleadings are construed liberally. *Gomez-Diaz v. United States*, 433 F.3d 788, 791 (11th Cir. 2005). In the appeal of the denial of a motion to vacate, we only review "issues specified in the COA." *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).

A federal prisoner must file a motion to vacate within one year of "the date on which the judgment of conviction becomes final" or "the date on which the

6

facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," whichever is later. 28 U.S.C. § 2255(f)(1), (4). "[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires." *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). In 2009, when Townsley was resentenced, defendants had ten days from the date of the entry of judgment to file a notice of appeal. Fed.R.App.P. 4(b)(1)(A)(i) (2009). Intermediate weekends and legal holidays were excluded from that ten-day period. Fed.R.App.P. 26(a)(2) (2009). Where a petitioner alleges that his attorney failed to file a requested direct appeal, the petitioner's motion to vacate is timely if he "files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal." *Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010).

In a § 2255 appeal where a COA was granted as to an ineffective assistance of counsel issue, we first considered whether the petitioner was entitled to an evidentiary hearing based on the assertions in his motion to vacate. *Gomez-Diaz*, 433 F.3d at 790. An evidentiary hearing is to be held where "the petitioner alleges facts that, if true, would entitle him to relief." *Aron*, 291 F.3d at 714-15 (quotation omitted). The district court need not, however, "hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the

7

claims are patently frivolous." *Id.* at 715.

First, the district court was correct that Townsley's motion to vacate was untimely under § 2255(f)(1). Because Townsley did not appeal his resentencing, his conviction became final August 13, 2009, which was ten days after his judgment was entered. *See* Fed.R.App.P. 4(b)(1)(A)(i) (2009), 26(a)(2) (2009); *Murphy*, 634 F.3d at 1307. Thus, Townsley's motion to vacate, which was placed in the prison mailing system more than one year after August 13, 2009, was untimely under § 2255(f)(1). *See* 28 U.S.C. § 2255(f)(1).

As to the issue of timeliness under § 2255(f)(4), we begin our analysis by determining whether Townsley was entitled to an evidentiary hearing. *See Gomez-Diaz*, 433 F.3d at 790. Construing Townsley's *pro se* motion to vacate liberally, he asserted that his motion was timely because it was filed within one year of his discovery that his attorney had not filed a notice of appeal. *See id.* at 791. If this assertion is true and Townsley is able to meet the due diligence requirement, then he is entitled to relief in the form of pursuing his motion to vacate. *See Long*, 626 F.3d at 1169. Accordingly, an evidentiary hearing should have been held unless the record affirmatively contradicted Townsley's allegations pertaining to timeliness. *See Aron*, 291 F.3d at 715.

The district court found that Townsley's assertion, that he believed his

8

attorney had filed a notice of appeal, was "affirmatively contradicted by the record." This finding of fact was clearly erroneous. *See Lynn*, 365 F.3d at 1232. The record showed that Townsley was confused about the deadline for filing his motion to vacate, and according to his May 28, 2010, and June 15, 2010, letters, he believed his motion was due within one year of the May 2009 mandate. However, that mandate was entered on the district court's docket on May 14, 2009, and by the time Townsley wrote those letters, any one-year deadline based on that mandate would have already expired. That Townsley, a *pro se* prisoner, was confused about when his motion to vacate was due did not affirmatively contradict his allegation that he believed he had a direct appeal pending while he was seeking documents he thought would be relevant to a motion to vacate.

Nor did the urgency with which Townsley was seeking documents affirmatively contradict his allegations. Townsley may have believed that a deadline related to his original appeal applied to his motion to vacate because he sought to assert claims related to his trial. If he was aware that no notice of appeal had been filed and understood the § 2255(f) deadlines, he would have written in his letters to counsel that his motion to vacate was due one year after he was resentenced and his judgment became final rather than one year after we issued our 2009 mandate in his criminal case. Based on the above, Townsley's

9

allegations were not "affirmatively contradicted by the record," and the district court should have held an evidentiary hearing to determine whether his claim was timely. *Aron*, 291 F.3d at 715.

For the foregoing reasons, we vacate and remand for an evidentiary hearing and further findings.

**VACATED AND REMANDED.**