[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11136
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-00178-MMH-TEM

RAYMOND CLAUDIO,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 20, 2014)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

This court's opinion in this case dated July 7, 2014, is hereby modified. As modified, the opinion reads as follows.

Raymond Claudio, now a former Florida state prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition for failure to exhaust state remedies. Claudio, who filed this § 2254 petition while he was still in state custody, filed a motion to excuse exhaustion due to alleged lengthy delays in adjudicating his still pending state post-conviction motion, and the district court *sua sponte* dismissed the case without requiring a response from the state or having a record of Claudio's state post-conviction proceedings. We granted a certificate of appealability ("COA") on the following issues:

(1)     Whether, in light of this Court's decision in *Long v. United States*, 626 F.3d 1167, 1168 (11th Cir. 2010), the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992), by failing to address Claudio's claim that he was entitled to be excused from the exhaustion requirement, pursuant to 28 U.S.C. § 2254(b)(1)(B);

(2)     If the district court did not violate *Clisby v. Jones*, whether the court erred in determining, without obtaining the state record or holding an evidentiary hearing, that Claudio had not shown circumstances that demonstrate that he should be excused from exhaustion pursuant to § 2254(b)(1)(B); and

(3)     If the district court did not err in concluding that Claudio was required to exhaust his state remedies, whether the court erred in failing to hold the claims in abeyance, rather than dismiss them without prejudice, as it appears that Claudio's release from prison may prevent him from meeting the "in custody" requirement when he refiles his § 2254 petition after exhausting his state remedies.

2

We review *de novo* a district court's legal conclusions in a § 2254 proceeding, and review for clear error its findings of fact.  *Osborne v. Terry*, 466 F.3d 1298, 1304-05 (11th Cir. 2006).  A habeas petitioner must be "in custody" for the district court to have subject matter jurisdiction over a habeas petition attacking the state conviction, meaning that "the state must exercise some control over the petitioner to satisfy the 'in custody' requirement."  28 U.S.C. § 2254(a); *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988).

A state prisoner must exhaust all state remedies that are available for challenging his conviction prior to bringing a habeas action in federal court. 28 U.S.C. § 2254(b)(1)(A), (c).  A state prisoner is excused from the exhaustion requirement if (1) "there is an absence of available State corrective process," or (2) "circumstances exist that render such process ineffective to protect the rights of the applicant."  *Id.* § 2254(b)(1)(B)(i), (ii).  In a case decided before the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we stated that "[s]tate remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."  *Cook v. Fla. Parole & Prob. Comm'n*, 749 F.2d 678, 680 (11th Cir. 1985); *see also Galtieri v. Wainwright*, 582 F.2d 348, 354 n.12 (5th Cir. 1978) (*en banc*) (noting, in a

3

pre-AEDPA case, that exhaustion is not required where "the state procedures do not afford swift vindication" or "state procedural snarls or obstacles preclude an effective state remedy") (citation omitted); *Dixon v. State of Fla.*, 388 F.2d 424, 425-26 (5th Cir. 1968) (holding, in a pre-AEDPA case, that an "inordinate and unjustified delay in the state corrective process may well result in the frustration of petitioner's rights and be such a circumstance as to render [the exhaustion] process ineffective," and remanding the case to the district court to determine whether a 19-month delay in state court was justifiable).

The district court has the discretion to deny a § 2254 petition on the merits even if the petitioner did not exhaust his state remedies. 28 U.S.C. § 2254(b)(2). However, the state is not deemed to have waived the exhaustion requirement unless the state expressly waives that requirement through counsel. *Id.* § 2254(b)(3).

If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion. *Rose v. Lundy*, 455 U.S. 509, 519-20, 102 S.Ct. 1198, 1203-05, 71 L.Ed.2d 379 (1982). In the event that such a dismissal would result in any subsequent petition being barred from federal habeas review, the district court has discretion to employ a "stay-and-abeyance" procedure, whereby the court would stay the timely filed petition and hold it in abeyance while the petitioner returns to state court to exhaust

all of his previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275-79, 125 S.Ct. 1528, 1533-35, 161 L.Ed.2d 440 (2005). The Supreme Court explained that such a procedure "should be available only in limited circumstances," and only is appropriate when (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78, 125 S.Ct. at 1535.

The district court must resolve all claims for relief raised in a § 2254 petition for habeas corpus, regardless of whether habeas relief is granted or denied. *Clisby*, 960 F.2d at 936. A claim is defined as "any allegation of a constitutional violation." *Id.* In *Long*, we considered whether the district court violated *Clisby* by failing to address Long's claim that he was entitled to statutory tolling of the limitations period. *Long*, 626 F.3d at 1168. We concluded that *Clisby*'s requirement that district courts address all claims also required the courts to resolve all claims that petitioners raised regarding tolling of the limitations period, and we held that the district court in Long's case had violated *Clisby*. *Id.* at 1170. In reaching this conclusion, we noted that:

> [I]n a post-conviction case, the district court must develop a record sufficient to facilitate our review of all issues pertinent to an application for a COA and, by extension, the ultimate merit of any issues for which a COA is granted. If the post-conviction motion or petition is dismissed as untimely, the district court must create a record that will facilitate meaningful appellate review of the

5

correctness of the procedural ruling, the merit of the underlying substantive claims, or both . . . .

*Id.* Additionally, district courts must "facilitate meaningful appellate review by developing adequate factual records and making sufficiently clear findings as to the key issues." *Id.* We vacated and remanded the case for the district court to consider Long's arguments in favor of statutory tolling. *Id.*

Under Federal Rule of Evidence 201, we may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). We may take judicial notice on our own at any stage of a proceeding. *Id.* 201(c)-(d). We may "take judicial notice of the state and federal court proceedings in which [a petitioner] was convicted or attacked his conviction." *Cunningham v. Dist. Att'y's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010). In *Cunningham*, we considered Cunningham's cause of action brought under 42 U.S.C. § 1983. *Id.* at 1241. In ruling on Cunningham's case, we also considered the records from the "more than half a dozen separate attacks on his conviction in state and federal court." *Id.* at 1241, 1251-53, 1255 n.10.

District courts have "unquestionable" authority to control their own dockets. *Smith v. Psychiatric Solutions, Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). Such

6

authority includes "broad discretion in deciding how best to manage the cases before them." *Id.* (citation omitted).

In his motion to excuse exhaustion, Claudio alleged circumstances that may have rendered exhaustion of his claims in state court ineffective to protect his rights. However, we cannot determine whether the district court correctly dismissed the case because there is no factual record or factual findings on which to evaluate the dismissal. Accordingly, after review of the record and consideration of Claudio's brief on appeal, we vacate the district court's *sua sponte* dismissal and remand the case for the district court to make adequate factual findings with regard to Claudio's motion to excuse exhaustion. On remand, if the district court finds that Claudio has not yet fully exhausted his state court remedies, it should also consider whether the stay-and-abeyance procedure is appropriate, given that Claudio has fully completed his sentence since he filed his § 2254 petition.

Because we vacate the district court's dismissal pursuant to Issue 2 of the COA, we decline to reach the issues raised in Issues 1 and 3 of the order granting a COA.

Finally, in reaching this holding, we also have taken judicial notice of the fact that, during the pendency of the instant appeal, Claudio filed an additional § 2254 petition in the district court attacking the same conviction. The district

court has developed a record in that case that includes an appendix of the state court proceedings and the parties' arguments concerning exhaustion, but has not yet rendered a judgment.  We recognize that the district court has the authority to manage its own docket in addressing Claudio's duplicative § 2254 petition, and we anticipate that the district court will do so in a way that reconciles his duplicative petitions but still respects our mandate in this case.

VACATED AND REMANDED.