[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14002
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-00978-GKS-GJK


DENNIS MORRISON WRIGHT,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 6, 2014)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Dennis Morrison Wright, a Florida prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 federal habeas petition. We granted Wright a certificate of appealability on the issue of "[w]hether the district court violated Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992), by failing to address Wright's claim that the State violated his Sixth Amendment right to a speedy trial." The State concedes that the district court did not address Wright's Sixth Amendment speedy trial claim.

"When examining a district court's denial of a § 2254 habeas petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007). In Clisby, we expressed our "deep concern over the piecemeal litigation of federal habeas petitions filed by state prisoners, as exemplified by the district court's failure to resolve all claims in [that] case." 960 F.2d at 935. Thus, we held that district courts must resolve all claims for relief raised in § 2254 habeas petitions, regardless of whether relief is granted or denied. Id. at 936. A "claim for relief" is defined as "any allegation of a constitutional violation." Id. Allegations of distinct constitutional violations constitute separate claims for relief, "even if both allegations arise from the same alleged set of operative facts." Id.

In this case, Wright's memorandum of law in support of his habeas petition raised two grounds for relief: (1) a violation of his right to a speedy trial under the

2

Interstate Agreement on Detainers Act (IADA) and (2) a violation of his right to a speedy trial under the Sixth Amendment. The district court held that Wright's IADA claim was procedurally barred. However, as the State concedes, the district court did not address Wright's Sixth Amendment claim. Therefore, its order did not comply with the requirements of Clisby. See Long v. United States, 626 F.3d 1167, 1170 (11th Cir. 2010) ("[T]he district court must develop a record sufficient to facilitate our review of all issues pertinent to an application for a COA and, by extension, the ultimate merit of any issues for which a COA is granted."). We vacate without prejudice and remand for the district court to rule on Wright's Sixth Amendment claim.

**VACATED AND REMANDED.**