[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12425
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-22767-MGC


EDWARD S. LOCASCIO,

                                                        Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                        Respondents-Appellees.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 3, 2017)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Edward Locascio, a Florida prisoner, appeals pro se the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  A certificate of appealability was granted on the following issue:

> Whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), by not addressing the timeliness arguments that Locascio raised in his reply to the state's response and his objections to the report and recommendation.

After a careful review of the record and the parties' briefs, we affirm.

We review de novo a district court's legal conclusions in § 2254 proceedings, and we review its findings of fact for clear error.  *Osborne v. Terry*, 466 F.3d 1298, 1304–05 (11th Cir. 2006).

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations on a state prisoner's § 2254 habeas petition.  28 U.S.C. § 2244(d)(1).  The one-year limitations period is subject to equitable tolling, which applies when a petitioner untimely files because of "extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (internal quotation marks omitted).

In *Clisby*, we instructed district courts to resolve all constitutional claims for relief raised in a habeas petition prior to granting or denying relief.  *See Clisby*, 960 F.2d at 936.  If the district court does not address all such claims prior to issuing judgment, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims . . . ."  *Id.* at 938.  In

*Long*, we considered whether *Clisby* applied in a case where the district court dismissed a § 2255 motion as untimely, but failed to address the defendant's equitable tolling claim. *See Long v. United States*, 626 F.3d 1167, 1168–69 (11th Cir. 2010) (per curiam). We held that the district court violated *Clisby* when it failed to address the defendant's claim for statutory tolling. *See id.* at 1170. We noted that "the district court must create a record that will facilitate meaningful appellate review of the correctness of the procedural ruling . . . ." *Id.*

In this case, the district sufficiently examined Locascio's equitable tolling claim to comply with *Clisby*. While Locascio did not raise a claim of equitable tolling until after the report and recommendation, the magistrate judge did address a possible claim of equitable tolling. The magistrate judge, in reviewing Locascio's motion to amend the Fla. R. Crim. P. 3.850 motion, found that Locascio filed the motion only to comply with time limitations, as Locascio did not attach a proposed amended motion or discuss the issues he wanted to raise. The magistrate judge noted that Locascio waited over a year-and-a-half to file his amended motion. Thus the magistrate judge found that Locascio failed to exercise due diligence in pursuing collateral relief. Although Locascio later argued that extraordinary circumstances prevented him from filing a timely motion to amend, the magistrate judge's finding that Locascio failed to exercise due diligence, and the district court's later adoption of that finding, was dispositive as to Locascio's

3

claim of equitable tolling.  *See Steed,* 219 F.3d at 1300.  The district court's finding regarding due diligence was sufficient to develop meaningful appellate review and to comply with *Clisby*.  *See Long*, 626 F.3d at 1170.

   **AFFIRMED.**