[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17231
Non-Argument Calendar
_____

D.C. Docket Nos. 8:16-cv-02888-EAK-TBM; 8:13-cr-00136-EAK-TBM-1

JOSEPH DANIELE,

                                                            Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                            Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 3, 2018)

Before MARTIN, JILL PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

Movant Joseph Daniele, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. In support of his motion to vacate, Daniele argues that the district court committed error under *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (*en banc*), by failing to address his claim that he was entitled to equitable tolling based on the alleged actions of his attorney with respect to the filing of a motion for sentence reduction under Federal Rule of Criminal Procedure 35. After careful review, we vacate and remand for the district court to address Daniele's equitable-tolling claim.

## I.    **BACKGROUND**

In March 2013, Daniele was charged in a one-count information with conspiracy to commit wire fraud affecting a financial institution, in violation of 18 U.S.C. §§ 1343, 1349. Daniele waived issuance of the indictment and pled guilty pursuant to a written plea agreement. The district court sentenced Daniele to 121 months' imprisonment. The final judgment was entered on July 10, 2014. Daniele did not file a direct appeal.

Nearly two years later, in May 2016, Daniel filed a motion in the district court, seeking to compel his former attorneys to provide him with his entire criminal file, including proffer statements that he made prior to entering a guilty

plea. He requested this material in order to file a § 2255 motion based on ineffective assistance of counsel. He also requested appointment of counsel.

After holding a telephonic hearing to address Daniele's motion to compel, a magistrate judge granted the motion in part and denied it in part. Specifically, the magistrate judge denied Daniele's request for counsel, but ordered his counsel to mail Daniele his file within 25 days of receiving adequate funds to pay for the shipping of the materials.

On October 11, 2016, Daniele filed the § 2255 motion to vacate that is the subject of this appeal. Defendant raised several claims, including actual innocence, prosecutorial misconduct, and ineffective assistance of counsel. He asserted that his § 2255 motion was timely under § 2255(f)(2) and (f)(4). According to Daniele, his counsel and the Government conceded that he had repeatedly requested the complete contents of his criminal file so that he could file a timely § 2255 motion if the Government did not file a motion for sentence reduction under Federal Rule of Criminal Procedure 35.[1] Daniele argued that the one-year statute of limitations began to run on September 7, 2016, when his counsel admitted in a recorded phone call that he was ineffective because he never possessed the charging information nor reviewed the statements Daniele provided

---

[1] Federal Rule of Criminal Procedure 35 provides that "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b).

3

during the proffer session with the Government.  Daniele also argued that he was actually innocent.

In an affidavit attached to his § 2255 motion, Daniele argued that his counsel and the Government conspired to deny him access to his criminal file in order to prevent him from timely filing a § 2255 motion.  He further asserted that his attorney and the Government lied to him about filing a Rule 35(b) motion to distract him from filing a § 2255 motion.  He explained that as the deadline for filing a § 2255 motion approached, he inquired with his counsel about the status of the Rule 35(b) and his counsel assured him that the motion would be filed and that he just needed to be patient.

Daniele also attached other documents to his § 2255 motion, including a letter to the Assistant United States Attorney dated March 30, 2016, in which he inquired about the status of a Rule 35(b) motion being filed on his behalf and requested assistance with obtaining his criminal file so that he "may file a timely 2255 motion claiming ineffective assistance of counsel."  Additionally, Daniele attached several emails he sent to his attorney where he inquired about the status of the Rule 35(b) motion and expressed concern about missing the § 2255 deadline. In one email dated February 1, 2016, he states:  "You have told me for a year now that you are just waiting to hear from the AUSA . . . but that is putting me in jeopardy with filing a motion for me within the timelines."

4

Before the Government was served with Daniele's § 2255 motion, the district court *sua sponte* dismissed it as time-barred. The court determined that because Daniele did not file a direct appeal, he had until July 11, 2015,[2] to file a timely § 2255 motion. The court acknowledged that Daniele had attempted to secure documents from his criminal case but noted that a defendant is able to file a § 2255 motion without a complete record. Daniele therefore could not claim that his failure to obtain his case file resulted in the untimely filing of his § 2255 motion and that he was entitled to equitable tolling.

Daniele moved for reconsideration. He asserted that the district court did not address his claims that his motion was timely under § 2255(f)(2) or (f)(4), that he was entitled to equitable tolling, or his claim that he was qualified for the actual innocence exception. Of relevance, he argued that he had shown that extraordinary circumstances prevented him from timely filing a § 2255 motion, despite his diligence because the Government suppressed his case file and because his trial counsel deceived him into believing that the Government would file a Rule 35(b)

---

[2] The district court appears to have incorrectly calculated the date Daniele's conviction and sentence became final. Because judgment was entered on July 10, 2014, and Daniele did not file a direct appeal, his sentence became final on July 24, 2015. *See Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (explaining that a conviction becomes final when the time for filing a direct appeal expires); *see also* Fed. R. App. P. 4(b)(1)(A) (providing that a direct appeal must be filed within 14 days of the judgment being entered). The one-year statute of limitations expired on July 24, 2015, not July 11, 2015, as calculated by the district court. *See* 28 U.S.C. § 2255(f) (providing for a one-year limitation period for the filing of a § 2255 motion).

motion.  The district court denied Daniele's motion for reconsideration, citing the same reasons it had for denying his § 2255 motion.

Daniele subsequently filed a notice of appeal from the district court's order denying his § 2255 motion.  A member of this Court granted Daniele a certificate of appealability on the following issues:

> (1) Whether the district court violated *Clisby v. Jones*, 960 F.2d 925, 939 (11th Cir. 1992) (en banc), by failing to address Mr. Daniele's argument that he was entitled to equitable tolling based on his attorney's actions; and
>
> (2) Whether the district court properly dismissed Mr. Daniele's 28 U.S.C. § 2255 motion as time-barred.

## II.    **DISCUSSION**

We review *de novo* the district court's dismissal of a motion to vacate under § 2255 as time-barred.  *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014).

In *Clisby*, we held in the context of a habeas corpus petition filed pursuant to 28 U.S.C. § 2254, that a district court must resolve all claims for relief raised by a habeas petitioner, regardless of whether the district court grants or denies relief. *See Clisby*, 960 F.2d at 936.  In other words, we held that if a district court fails to address all claims raised by a petitioner, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938.  We have since determined that the principles announced in

6

*Clisby* apply with full force to claims raised in a § 2255 motion. *See Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009); *see also Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) ("[T]he principles developed in habeas cases also apply to § 2255 motions.").

In *Long v. United States*, we applied *Clisby* to a district court's dismissal of a § 2255 motion as time-barred, concluding that the district court must resolve all claims a petitioner raises for tolling of the limitations period. 626 F.3d 1167, 1170 (11th Cir. 2010) (holding that the district court violated *Clisby* by failing to address the petitioner's argument that he was entitled to statutory tolling). In doing so, we emphasized the importance on district courts to "create a record that will facilitate meaningful appellate review of the correctness of the procedural ruling." *Id.*

Here, the district court failed to address Daniele's claim that he was entitled to equitable tolling based on his counsel's alleged actions concerning whether a Rule 35(b) motion would be filed on his behalf.[3] In his § 2255 motion and supporting affidavit, Daniele asserted that: (1) he had been in contact with the Government and his counsel to inquire about the status of a Rule 35(b) motion

---

[3] The Government argues that Daniele abandoned the *Clisby* issue on appeal. In his appellate brief, Daniele lists the equitable-tolling claim in a section heading and asserts that the district court did not address the underlying merits of his claim that his attorney prevented him from filing a timely § 2255 motion by making misrepresentations about the Rule 35 motion. Admittedly, Daniele could have more artfully presented his argument that the district court violated *Clisby* by failing to address his equitable-tolling claim. However, liberally construing his brief, we conclude that he sufficiently raised this argument on appeal. *See Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997) ("We read liberally briefs filed *pro se*.").

being filed on his behalf; (2) his counsel and the Government had lied to him about filing a Rule 35(b) motion in order to prevent him from filing a timely § 2255 motion; and (3) as the deadline for filing a § 2255 motion approached, his counsel assured him that a Rule 35(b) motion would be filed and that he needed to be patient. Daniele also attached a letter he wrote to the Government and several emails to his counsel, in which he expressed concern about whether a Rule 35(b) motion would be filed on his behalf before the deadline for filing a § 2255 motion.

Although Daniele did not explicitly state that he was raising an equitable-tolling argument with respect to the Rule 35(b) motion, we have held that *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, we have stated that a *pro se* litigant must "present a claim in clear and simple language such that the district court may not misunderstand it." *Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013) (addressing *Clisby* error with respect to a § 2254 habeas corpus petition).

Construing his § 2255 motion and supporting documentation liberally, Daniele essentially argued that despite his diligence, his counsel's actions prevented him from filing a timely § 2255 motion. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("[A] litigant seeking equitable tolling bears the burden of

8

establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").  Daniele's § 2255 motion and affidavit were also only 21 pages long.  And the correspondence he attached to his motion reflected his concern regarding the status of the Rule 35(b) motion and the impending § 2255 motion deadline.  In short, Daniele's statements regarding his counsel's purported actions with respect to the Rule 35(b) motion presented the equitable-tolling claim in a way that the district court could understand it.  *See Rhode*, 583 F.3d 1289 (concluding that a § 2255 movant sufficiently raised a claim where he stated in his § 2255 motion that his ineffective-assistance-of-counsel claim was set forth an attached memorandum and the attached memorandum explained his counsel's actions); *see also Dupree*, 715 F.3d at 1299 (concluding that two sentences within a 15-page supporting memoranda of law were sufficient to raise an ineffective-assistance-of-counsel claim, where the petitioner stated in his habeas petition that his ineffective-assistance claims were raised in his supporting memoranda of law).

To be clear, the district court considered and denied Daniele's claim that he was entitled to equitable tolling based on his inability to obtain his case file from his counsel.  The Government asserts that the district court satisfied *Clisby* by addressing this equitable-tolling argument.  We disagree.  Daniele's claim that he is entitled to equitable tolling based on his counsel's misrepresentations as to the

9

filing of a Rule 35(b) motion is distinct from his claim that he was entitled to equitable tolling based on his inability to obtain his case file. *See Rhode*, 583 F.3d at 1292 (concluding that a district court violated *Clisby* by failing to address a claim that counsel was ineffective for not filing a motion to withdraw a guilty plea, even though the court addressed the claim that counsel was ineffective for failing to investigate and prepare a defense). Because the district court did not address Daniele's claim that he was entitled to equitable tolling based on his counsel's purported actions with respect to the filing of a Rule 35(b) motion on his behalf, the district court violated *Clisby*. *See Clisby*, 960 F.2d at 936. Accordingly, we vacate the judgment without prejudice and remand the case to the district court to consider this claim.

**VACATED AND REMANDED.**[4]

---

[4] Given our decision to remand based on the *Clisby* error, we need not consider the second issue presented in the certificate of appealability.