[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15493
Non-Argument Calendar
_____

D.C. Docket Nos. 2:16-cv-00033-LGW-RSB; 2:12-cr-00005-LGW-RSB-1

ALEX BENNETT,

                                                    Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 17, 2019)

Before MARTIN, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Alex Bennett, a federal prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  Bennett contends that he no longer qualifies for an enhanced sentence under the Armed Career Criminal Act ("ACCA").  He says the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which struck down as unconstitutionally vague the ACCA's residual clause, makes the difference.  On appeal, the government contends that Bennett cannot show he was in fact sentenced based on the ACCA's residual clause, as required by our recent decision in Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017).  We vacate the judgment and remand for further proceedings.

In 2012, Bennett pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The presentence investigation report ("PSI") classified Bennett as an armed career offender under the ACCA because Bennett had at least three prior convictions for a violent felony or serious drug offense.  The PSI did not identify the ACCA-qualifying predicate convictions.  The PSI, however, listed Bennett's prior criminal history, which included Georgia convictions for robbery, robbery by sudden snatching, sale of cocaine, and sale of marijuana.  Bennett filed no objections to the PSI.

2

At the 2013 sentencing hearing,[1] the district court adopted the PSI. The district court then imposed a below-guidelines sentence of 180 months: the mandatory minimum sentence under the ACCA. Bennett filed no direct appeal.

In 2016, Bennett filed this section 2255 motion, arguing that his ACCA-enhanced sentence was no longer valid after Johnson. Because the ACCA's residual clause had been invalidated, Bennett contended that his Georgia convictions for robbery and for robbery by sudden snatching no longer qualified as violent felonies under the ACCA.

The government conceded that Bennett's conviction for robbery by sudden snatching was no longer an ACCA-predicate offense. The government argued, however, that Bennett still qualified as an armed career offender based on his two drug offenses and his Georgia robbery conviction, which the government said qualified as a violent felony under the ACCA's elements clause.

In August 2017, the magistrate judge issued a report and recommendation ("R&R"), recommending that the district court deny Bennett's section 2255 motion. The magistrate judge first concluded that Bennett's conviction for robbery by sudden snatching was no longer a violent felony under the ACCA. The magistrate judge, however, agreed with the government's position that Bennett's Georgia robbery conviction qualified as an ACCA-predicate offense under the

---

[1] The record includes no transcript of the sentencing hearing.

3

ACCA's elements clause and, thus, remained a violent felony after Johnson.[2]

Because Bennett still had three qualifying convictions, the magistrate judge concluded that Bennett remained subject to an ACCA-enhanced sentence. In October 2017, the district court adopted the R&R as the opinion of the court.

We granted Bennett a certificate of appealability ("COA") on this issue: "Whether the district court erred in determining that Bennett's prior conviction for Georgia robbery, pursuant to O.C.G.A. § 16-8-40(a), qualified as a violent felony under 18 U.S.C. § 924(e)(2)(B)(i), because it categorically 'has as an element the use, attempted use, or threatened use of physical force against the person of another'?"

In reviewing the district court's denial of a section 2255 motion, we review the district court's legal conclusions de novo and its factual findings for clear error. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Generally speaking, the scope of our appellate review is limited to the issues specified in the COA. Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998). But when we are presented with a procedural issue that must be resolved

---

[2] The magistrate judge also concluded that Bennett's challenges to his two drug convictions were time-barred and without merit and, thus, denied Bennett's motions to supplement or to amend his section 2255 motion.

before we can reach the merits of the issue identified in the COA, we read the COA to encompass that dispositive procedural issue. McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001). This case is one of those cases.

In Beeman, we said that a section 2255 movant seeking to assert a claim under Johnson "must show that -- more likely than not -- it was use of the residual clause that led to the sentencing court's enhancement of his sentence." Beeman, 871 F.3d at 1221-22. Whether the sentencing court relied on the residual clause at the time of sentencing is a question of "historical fact." Id. at 1224 n.5. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to the use of the residual clause." Id. at 1222.

Neither the parties nor the district court addressed the impact of Beeman -- which was decided after the issuance of the R&R and shortly before the district court's ruling -- on Bennett's section 2255 motion. In other words, the district court made no factual findings about whether Bennett had shown -- as a matter of "historical fact" -- that the sentencing court in 2013 more likely than not relied solely upon the residual clause in concluding that Bennett's Georgia robbery conviction qualified as a violent felony under the ACCA.

The record is not fully developed on this issue: for example, the record contains no transcript of the sentencing hearing. And -- unlike the movant in Beeman -- Bennett seeks remand for an evidentiary hearing. Under these circumstances, we conclude that remand is appropriate. See Long v. United States, 626 F.3d 1167, 1170 (11th Cir. 2010) (explaining that, in a section 2255 case, a remand may be appropriate to allow the district court to develop an adequate record or make sufficiently clear findings to facilitate this Court's review of the ultimate merit of issues specified in the COA). We also note that the district court judge ruling upon Bennett's section 2255 motion is the same district court judge who imposed Bennett's ACCA-enhanced sentence.

We vacate the district court's order denying Bennett's section 2255 motion and remand so that the district court may address in the first instance whether Bennett can show, as a historical fact, it was more likely than not that he was sentenced under the ACCA's residual clause.

VACATED AND REMANDED.