[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13969
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cr-00314-KOB-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NAKEISHA HALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 17, 2021)

Before MARTIN, NEWSOM and BRANCH, Circuit Judges.

PER CURIAM:

Nakeisha Hall appeals the district court's denial of her motion for compassionate release under 18 U.S.C. § 3852(c)(1)(A). She argues that the district court erred by limiting its analysis of "extraordinary and compelling reasons" to those in U.S.S.G. § 1B1.13's policy statement and failed to provide sufficient reasoning for meaningful appellate review. After careful review, we affirm.

## I

In 2015, Hall pleaded guilty to four counts of conspiracy to commit mail fraud affecting a financial institution and bank fraud, 18 U.S.C. §§ 1341, 1344, 1349, 3293; theft of government funds, 18 U.S.C. § 641; aggravated identity theft, 18 U.S.C. § 1028A; and unauthorized access to a protected computer, 18 U.S.C. §§ 1030(a)(2), (c)(2)(B). The district court sentenced her to a total 110 months' imprisonment followed by five years of supervised release.

In July 2020, 45 months into her sentence and in the wake of the COVID-19 pandemic, Hall filed a *pro se* motion for compassionate release. She argued that she was eligible for compassionate release because she was at a high risk of contracting the virus and had underlying medical conditions. The district court denied her motion, and she now appeals.[1]

---

[1] We review motions for compassionate release under § 3582(c)(1)(A) for abuse of discretion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the

## II

On appeal, Hall argues that the district court erred by considering the U.S. Sentencing Commission's policy statement in U.S.S.G. § 1B1.13. She contends that this was legal error because that policy statement is no longer applicable after the enactment of the First Step Act of 2018, which amended 18 U.S.C. § 3582(c)(1)(A) to allow prisoners, rather than just the Bureau of Prisons, to file motions for a reduced sentence. She also argues that the district court didn't adequately explain its denial of her motion.

The district court was permitted to reduce Harris's sentence if it found, among other things, that "extraordinary and compelling reasons warrant" it. 18 U.S.C. § 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13 contains the policy statement for sentence modifications under 18 U.S.C. § 3582(c)(1)(A), requiring a district court to find extraordinary and compelling reasons for a reduction and that the defendant is not a danger to the community. The commentary to that policy statement lists "extraordinary and compelling reasons" for granting a sentencing reduction, including considerations related to medical conditions. U.S.S.G. § 1B1.13, comment (n.1). This Court recently held that, notwithstanding the First Step Act's amendments to § 3582(c)(1)(A), U.S.S.G. § 1B1.13 remains applicable to

---

determination, or makes findings of fact that are clearly erroneous. *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015).

3

§ 3582(c)(1)(A) motions, whether filed by the BOP or the prisoner. *United States v. Bryant*, No. 19-14267, 2021 WL 1827158, at *1 (11th Cir. May 7, 2021).

Here, the district court didn't abuse its discretion in denying Hall's motion. We held in *Bryant* that § 1B1.13 "is an applicable policy statement that governs all motions under Section 3582(c)(1)(A)" and, accordingly, that "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Id*. at *13. The district court correctly applied § 1B1.13 and reasonably found that that neither Hall's medical conditions, which it found were controlled or in remission and did not impair her ability to provide self-care, nor the general threat of COVID-19 were sufficiently severe to constitute "extraordinary and compelling reasons."

Moreover, the district court allowed for meaningful appellate review, as it noted Hall's arguments, its findings, and the reasoning for its findings. *See Long v. United States*, 626 F.3d 1167, 1170 (11th Cir. 2010) ("[W]e have long required the district courts and administrative boards to facilitate meaningful appellate review by developing adequate factual records and making sufficiently clear findings as to the key issues."). Specifically, the court's discussion of the § 3553(a) factors was sufficient, and the court was not required to explicitly consider or discuss each factor. *See United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).

**AFFIRMED.**

4