[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10403

Non-Argument Calendar

_____

MAURIN CHACON,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-21292-KMW

_____

Before WILLIAM PRYOR, Chief Judge, and BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

Maurin Chacon appeals the denial of his motion to vacate his convictions for conspiracy to possess with intent to distribute controlled substances, 21 U.S.C. § 846, possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A), possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and possession of a firearm by a felon, 18 U.S.C § 922(g)(1). 28 U.S.C. § 2255. We granted a certificate of appealability to address whether the district court erred by analyzing Chacon's claim that his counsel failed to object to the calculation of certain criminal-history points as a sentencing error instead of an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984). Because we conclude that the district court erred by analyzing Chacon's claim as a freestanding sentencing error, we vacate and remand for further proceedings.

When reviewing the denial of a motion to vacate, we review legal conclusions *de novo*. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014). "When a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice[,]" and cannot obtain relief on collateral review. *Spencer v.*

*United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) (en banc). But a prisoner raising an ineffective assistance of counsel claim under the Sixth Amendment must prove that his attorney's deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687.

The district court erred in analyzing Chacon's ineffective assistance of counsel claim as a freestanding sentencing error. It relied on *Spencer* and denied Chacon's claim because his sentence fell below the statutory maximum and at the low end of the guideline range and he did not establish his actual innocence or a vacatur of a prior conviction. *See Spencer*, 773 F.3d at 1139. But *Spencer* held a movant's challenge to the calculation of the guideline range could not be revisited on collateral review absent a miscarriage of justice. *Id.* at 1138–39. *Spencer* involved a sentencing error, not a constitutional claim of ineffective assistance of counsel. By analyzing Chacon's claim as a freestanding sentencing error, the district court did not determine whether his claim satisfied the *Strickland* standard for claims of ineffective assistance of counsel.

We decline to reach the merits of Chacon's ineffective assistance of counsel claim. Our review "is generally limited to the issues specified in the [certificate of appealability]." *Kuenzel v. Allen*, 488 F.3d 1341, 1343 (11th Cir. 2007). We require district courts to develop adequate factual records and make findings as to issues. *Long v. United States*, 626 F.3d 1167, 1170 (11th Cir. 2010). And if the "district court does not address all the constitutional claims" raised in a motion to vacate, "we will vacate the district court's judgment without prejudice and remand the case for consideration of all

remaining claims." *Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (citation and internal quotation marks omitted). The district court did not analyze the merits of Chacon's ineffective assistance of sentencing counsel claim under *Strickland* or develop a record as to that claim. *See Long*, 626 F.3d at 1170; *Rhode*, 583 F.3d at 1291. It must consider the merits of that claim in the first instance.

We **VACATE** the order denying Chacon's motion to vacate as to his claim of ineffective assistance of sentencing counsel and **REMAND** for further proceedings consistent with this opinion.