[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15769
Non-Argument Calendar

_____

D.C. Docket Nos. 2:12-cv-14353-JEM,
2:08-cr-14003-JEM-1

TIMOTHY WAYNE CARVER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 12, 2018)

Before TJOFLAT, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Timothy Wayne Carver, a federal prisoner, appeals the denial of his 28

U.S.C. § 2255 motion to vacate his convictions for attempting to use the internet to

entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b)

("Count One"), and committing that offense while required to register as a sex offender, in violation of 18 U.S.C. § 2260A ("Count Two").  He argues the district court erred by not addressing some of the claims in his § 2255 motion and in denying his motion for an evidentiary hearing.  After careful review, we vacate and remand for further proceedings.

I.

According to the stipulation of facts from Carver's guilty plea to Count One, Carver communicated through an internet chat room with an undercover officer who was posing as the father of a minor girl with mental impairments.  Carver eventually agreed to pay $70 and meet the undercover officer at a set location, where the officer would pick up Carver and drive him to the girl so he could engage in sexual activity with her.  Carver went to the meeting with condoms and the agreed-upon $70 and was arrested after he got in the officer's car.

Carver pled guilty to Count One and proceeded to a bench trial on Count Two.  At his bench trial, Carver stipulated that he was convicted of the offense described in Count One and that he had previously been convicted of a sex crime. The judge found him guilty of Count Two.  Carver appealed, arguing that his guilty plea was invalid and that he'd never formally waived his right to a jury trial on Count Two.  This Court affirmed Carver's plea on Count One, but remanded for a jury trial on Count Two.  A jury then found Carver guilty of Count Two. On

2

direct appeal of Carver's Count Two conviction, his second appeal, this Court affirmed.

Carver filed a § 2255 motion to vacate his sentence that raised three grounds for relief.  In Ground One, he claimed "ineffective assistance of counsel in relation to jury trial."  He listed a number of counsel's deficiencies: counsel's failure to advise him of his right to contest his guilt at trial; counsel's failure to adequately advise him regarding the stipulations of fact that led to the conviction; and counsel's failure to put on evidence that he did not specifically intend to entice a minor to have sex.  In Ground Two, Carver claimed "ineffective assistance of counsel in relation to entry of a guilty plea," arguing that his attorney failed to advise him of the specific intent element of the offense charged in Count 1.  He said he did not intend to "persuade anyone of anything" and would not have pled guilty if he understood the intent requirement.  Finally, in Ground Three, Carver claimed that his guilty plea for Count One was unknowing and involuntary because it was based on a misunderstanding of the law and his defenses.

A magistrate judge issued a Report and Recommendation ("R&R"), recommending that the district court deny Carver's motion without an evidentiary hearing.  The magistrate judge wrote "[a]ll of the Movant's arguments essentially concern his decision to plead guilty to Count 1."  In effect, the magistrate judge construed Ground One, which Carver titled "ineffective assistance of counsel in

3

relation to jury trial," as a claim of actual innocence relating to his guilty plea.  The

magistrate judge also did not address each separate allegation of ineffective

assistance.  Carver objected, arguing that the R&R "fail[ed] to address the

principal issue raised by the § 2255 motion: ineffective assistance of trial counsel."

Carver also argued that an evidentiary hearing was warranted for his ineffective

assistance of counsel claims.  The district court overruled Carver's objections,

adopted the R&R, and denied Carver's § 2255 motion.

This appeal followed.  We granted a certificate of appealability ("COA") to

address the following issues:

> [1] Whether the District Court misconstrued the claims asserted in ground one of Mr. Carver's § 2255 motion alleging the ineffective assistance of Mr. Carver's trial counsel, or violated Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) (en banc), by failing to properly address those claims?
>
> [2] Whether the District Court erred in denying all of Mr. Carver's claims without conducting an evidentiary hearing?

We address each issue in turn.

## II.

In a proceeding on a 28 U.S.C. § 2255 motion to vacate, we review the

district court's factual findings for clear error and its legal conclusions de novo.

Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).  The

scope of review is limited to the issues specified in the COA.  Murray v. United

States, 145 F.3d 1249, 1250–51 (11th Cir. 1998) (per curiam).

4

In Clisby v. Jones, we held that if a district court fails to address each claim raised in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims."  960 F.2d at 938; see also Rhode v. United States, 583 F.3d 1289, 1291 (11th Cir. 2009) (per curiam) (applying Clisby to § 2255 motions).  Under Clisby, our only role is to determine whether a district court failed to address a claim; we do not address whether the underlying claim is meritorious.  Dupree v. Warden, 715 F.3d 1295, 1299 (11th Cir. 2013).  To qualify for relief under Clisby, though, "[a] habeas petitioner must present a claim in clear and simple language such that the district court may not misunderstand it."  Id.

In addition, "the district court must develop a record sufficient to facilitate our review of all issues pertinent to . . . the ultimate merit of any issues for which a COA is granted."  Long v. United States, 626 F.3d 1167, 1170 (11th Cir. 2010) (per curiam).  When a district court summarily denies a § 2255 motion, we will vacate and remand when "an adequate appellate review of the basis for the district court's decision requires something more than a mere summary denial." Broadwater v. United States, 292 F.3d 1302, 1304 (11th Cir. 2002) (per curiam).

Here, the district court erred by failing to address all of the claims in Carver's § 2255 motion.  The magistrate judge read all of Carver's arguments to "essentially concern his decision to plead guilty to Count 1."  But Ground One of

5

Carver's § 2255 motion specifically related to his trial on Count Two, not his guilty plea on Count One.  And because the magistrate judge construed Ground One of Carver's motion as "essentially one of actual innocence," not ineffective assistance of trial counsel, he did not analyze Carver's claims of trial counsel's ineffectiveness under the framework set out in Strickland v. Washington, 466 U.S. 688, 104 S. Ct. 2052 (1984).  In addition, the magistrate judge did not specifically address some of Carver's arguments in support of Ground One, including that his trial counsel failed to investigate certain aspects of his case.  A denial of those arguments without discussion does not provide us with an adequate basis for appellate review.  See Broadwater, 292 F.3d at 1304.

Further, contrary to the government's assertions, neither the wording of Ground One nor the fact that Carver is counseled defeat his claims of Clisby error. While Carver's counseled petition is not afforded the liberal construction given to pro se parties, taken together, his § 2255 motion and his objection to the R&R were sufficiently clear to alert the district court that he had raised a claim for ineffective assistance of trial counsel on Count Two that had not been addressed by the magistrate judge.  See Dupree, 715 F.3d at 1299.  We therefore vacate and remand for the district court to address in the first instance Carver's claims for ineffective assistance of trial counsel alleged in Ground One of his § 2255 motion.

III.

6

We review the denial of an evidentiary hearing for abuse of discretion. Winthrop-Redin v. United States, 767 F.3d 1210, 1215 (11th Cir. 2014).  An evidentiary hearing must be held on a § 2255 motion to vacate "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim."  Aron v. United States, 291 F.3d 708, 714–15 (11th Cir. 2002) (quotation omitted).  But if a petitioner's claims "are merely conclusory allegations unsupported by specifics, or if the record refutes the applicant's factual allegations or otherwise precludes habeas relief," a district court is not required to hold an evidentiary hearing.  Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 745 (11th Cir. 2010) (quotations and citation omitted).

"To show that he is entitled to an evidentiary hearing on his ineffective assistance of counsel claim, [Carver's] § 2255 motion must allege facts that would show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense."  Griffith v. United States, 871 F.3d 1321, 1329 (11th Cir. 2017) (quotation omitted).  When a defendant has pled guilty, he can show deficient performance by demonstrating that his counsel did not provide him "with an understanding of the law in relation to the facts, so that [he] may make an informed and conscious choice" between pleading guilty and going to

7

trial.  See Stano v. Dugger, 921 F.2d 1125, 1151 (11th Cir. 1991) (quotation omitted).  He "can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Lee v. United States, 582 U.S. ___, 137 S. Ct. 1958, 1965 (2017).

Given that a remand is appropriate for further consideration of Carver's claims pursuant to Clisby, a ruling on Carver's appeal of the denial of his motion for an evidentiary hearing would be premature.  As to Ground One, because the district court failed to address Carver's ineffective assistance of trial counsel claims, we cannot say whether the district court determined that the claims were affirmatively contradicted by the record or otherwise clearly barred on their face. Therefore we do not have a sufficient record for deciding whether it abused its discretion in making that determination.  See Allen, 611 F.3d at 745.  In light of the Clisby error and undeveloped record as to Ground One, we vacate and remand for reconsideration of whether an evidentiary hearing is warranted for Carver's Ground One claims.

As to Grounds Two and Three, the reasoning for denying an evidentiary hearing is also unclear.  The R&R states "in light of the arguments and record," the court did not "see need for a hearing."  But the R&R did not point to specific evidence in the record that contradicted Carver's claims of ineffective assistance of

counsel.  We recognize that trial records are "often incomplete or inadequate" for the purposes of an ineffective assistance claim.  Massaro v. United States, 538 U.S. 500, 504–05, 123 S. Ct. 1690, 1694 (2003).  And contrary to statements in the R&R, a guilty plea does not bar Carver's claims that he received ineffective assistance of counsel in deciding whether to plead guilty or go to trial.  See Lee, 137 S. Ct. at 1965.  In his § 2255 motion, Carver said his attorney misinformed him of the intent requirement and possible defenses he could have pursued for Count One.  He also said he would not have pled guilty if he had been properly informed.  In light of the limited record before us, we cannot say that the "records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  We therefore vacate and remand with instructions to fully address Grounds Two and Three under Strickland in the first instance, and to hold an evidentiary hearing unless a full consideration of these claims reveals that no hearing is required.

  **VACATED AND REMANDED.**